Orman v. Van Arsdell.

[No. 1033.   September 13, 1904.]

JAMES B. ORMAN, Plaintiff in Error, v. JAMES L. VAN ARSDELL et al., Defendants in Error.

### SYLLABUS.

1. A right, fully matured under existing law, to defeat a debt by plea of the statute of limitations is neither a vested right nor a property right, and may be taken away at will by the legislature.

2. Act of March 14, 1903, construed to be retrospective in operation.

Error to the district court of Santa Fe county before JOHN R. McFIE, Associate Judge.   Affirmed.

JOHN H. KNAEBEL, for plaintiff in error.

Article 14 of the Bill of Rights, adopted by the Legislature of New Mexico, July 12, 1851, declares, among other things, that "no retroactive law, or any law impairing the obligation of contracts shall be made."   This principle has been embodied in the

> Compiled Laws of 1865, chapter 85; Compiled Laws of 1884, sections 2584, etc.; Compiled Laws of 1897, sections 3756-3771-3779.

> Clinton v. Englebrecht, 13 Wall. 434, at pp. 445, 446; Carnon v. United States, 171 U. S. 277, at pp. 286, 287; 1 American Commonwealth (2 Ed.), 1891, pp. 422,423.

The public policy underlying the law of limitations is so sound and essential that its transgression ought not to be lightly indulged.

> Wood on Limitations (3 Ed.), sec. 16; Wood v. Carpenter, 101 U. S. 135-139; Bell v. Morrison, 1 Peters 351; Shepherd v. Thompson, 122 U. S. 236; Campbell v. Haverhill, 155 U. S. 617.

At the time of the commencement of this action (1901) the alleged demand had been forever barred by the operation of the laws of New Mexico.

> Stern v. Bates, 9 New Mexico 286, 289; Browne, etc. v. Chavez, 9 N. M. 316; 181 U. S. 68; Lindaur Mercantile Co. v. Boyd, 70 Pac. 568; Ross v. Duval et al., 13 Peters 45.

Retroactive effect must not be given to the act of March 14, 1903.

> Woart v. Winnick, 3 N. H. 473; Society v. Wheeler, 2 Gall. (U. S.) 139; C. B. & Q. Railroad Company v. State, 47 Neb. 563-564; Wood on Limitations (3Ed.), sec. 11; State v. Newark, 40 N. J. L. 96, 97; Belvidere v. Warren R. R. Co., 5 Vroom. 200; Baldwin v. Newark, 9 Vroom, 158; Sedgwick on Statutory and Constitutional Law, 188, etc.; Chew Heong v. United States, 112 U. S. 536; United States v. Heth, 3 Cranch 298, 413; Murray v. Gibson, 15 How. 421-423; McEwen v. Den., 24 How. 242, 244; Harvey v. Tyler, 2 Wall. 328, 347; Sohn v. Waterson, 17 Wa'l. 596, 599; Twenty Per Cent Cases, 20 Wall. 179, 187; United States v. Burr, 159 U. S. 78; Jaedicke v. United States, 85 Fed. 375; Goillotel v. Mayor, 87 N. Y. 45.

Amendments of old statutes must as a general rule be interpreted as prospective only, and not as retroactive.

> 23 Am. and Eng. Ency. of Law (1 Ed.), pp. 284, 285; Reid v. Albany County, 128 N. Y. 304; In re Miller, 110 N. Y. 216; People v. Montgomery County, 67 N. Y. 109, 110; National Bank of Commerce v. Riethmann, 79 Fed. 582; 19 Am. and Eng. Ency. of Law (2 Ed.), 174, 175; People v. Ulster County, 63 Barb. (N. Y.) 83; Commonwealth v. Herrick, 6 Cushing (Mass.) 465, 11 Fed. Cas. p. 25; See also

Campbell v. Holt, 115 U. S. 624; Bauserman v. Blunt, 147 U. S. 647; Backam v. Woodstock Iron Co., 154 U. S. 177, 188, 189; 6 Am. and Eng. Ency. of Law (2 Ed.), 917, 952, 953.

CHAS. A. SPIESS and CATRON & GORTNER for defendants in Error.

Could the Legislature change the law of limitations, as has been attempted by the law of 1903, so as to deprive a party of a defense which had fully ripened under the pre-existing law?

19 Ency. Law (2 Ed.), p. 120, and cases cited; Campbell v. Holt, 115 U. S. 624; Smart v. Baugh, 3 J. J. Marsh, 364; Langdells Equity Pleading, sec. 118, et seq.; Williams v. Jones, 13 East. 439; Leroy v. Crowninshield, 2 Mason 151; Townsend v. Jemison, 9 How. 407; McElmoyle v. Cohen, 13 Pet. 312.

A contract incapable of enforcement for want of a remedy, or because there is some obstruction to the remedy, can be so aided by legislation as to become the proper ground of a valid action.

Hewitt v. Wilcox, 1 Met. (Mass.) 154; Wood v. Kennedy, 19 Ind. 68; Welch v. Wadsworth, 30 Conn. 140; Butler v. Palmer, 1 Hill 324; Hampton v. Commonwealth, 19 Pa. St. 329; Baugher v. Nelson, 9 Gill 304.

Statutes of limitations are founded in public needs and public policy, and are arbitrary enactments by the law-making power.

Tioga Railroad v. Blossburg and Corning Railroad, 20 Wall. 137, 150; Foster et al. v. The Essex Bank, 16 Mass. 245; Bates v. Cullom 117 Pa. St. 633; Hulbert v. Clark, 128 N. Y. 297; Guitermann v. Wishon, 21 Mont. 462; Drury v. Henderson, 143 Ill. 320; Sinking Fund Commissioners v. Buckner, 46 Fed. 533; Huffman

v. Anderson, 9 W. Va. 616; Landa v. Obert, 78 Tex. 46; Hulbert v. Clark, 129 N. Y. 297-8; Johnson v. Albany R. Co., 45 N. Y. 416; Quantock v. England, 5 Burr. 2628; Dunn v. Beaman, 126 N. C. 770; Bettman v. Corley, 17 Wash St. 224; Evans Co. v. McFadden, 105 Fed. 298, and authorities cited.

There is no such thing as a vested right to do wrong. Foster v. Bank, 16 Mass. 245, 273.

Has the Legislature exercised its power to alter the remedy and to dprive a person of a defense, though fully accrued in this instance? Is the act retrospective?

Endlich on Interpretation of Statutes, sec. 287.

## OPINION OF THE COURT.

PARKER, J.—James L. Van Arsdell and Philip J. Barber began September 6, 1901, in the district court for Santa Fe county an action at law against James B. Orman for the recovery of the amount of a judgment alleged to have been given against him in that court in 1885 at the suit of Adam J. Hager, and afterwards affirmed by judgment of this court, January 20, 1886, and assigned, August 6, 1888, to the said Van Arsdell and Barber. The plaintiff afterwards filed an amended complaint. An answer to the amended complaint was interposed November 4, 1901, setting up the statute of limitations. March 14, 1903, the Legislature passed the following act:

"That section 2921 of the Compiled Laws of 1897 be and the same is hereby amended to read as follows:

"Sec. 2921. If, at any time after the incurring of an indebtedness or liability or the accrual of a cause of action against him or the entry of judgment against him in this Territory, a debtor shall have been or shall be absent from or out of the Territory or concealed within the Territory, the time during which he may have been

or may be out of or absent from the Territory or may have concealed or may conceal himself within the Territory shall not be included in computing any of the periods of limitation above provided."

"Sec. 2. All acts and parts of acts in conflict herewith are hereby repealed, and this act shall take effect and be in force from and after its passage."

Thereafter, July 25, 1903, a demurrer was interposed to the answer to the amended complaint and was sustained by the court. Plaintiff in error declining to plead further, judgment was upon proofs entered against him, of which he complains here.

Section 2921 of the Compiled Laws of 1897 is a part of the Laws of 1880 and is as follows:

"If after a cause of action accrues, a defendant removes from the Territory, the time during which he shall be a non-resident of the Territory shall not be included in computing any of the periods of limitation above provided."

It appears from the pleadings that plaintiff in error has never been a resident of New Mexico, and that consequently, under the rule in Lindauer v. Boyd, 70 Pac. 568, he never could have removed from the Territory and that section 2921, supra had no application to him.

The first proposition presented is whether a repeal or amendment of the statute of limitations is within the constitutional power of a Territorial Legislature in so far as it deprives a debtor of a defense fully matured under the pre-existing law.

However interesting an argument on this subject might be, it could serve no useful purpose in view of the controlling authority of Campbell v. Holt, 115 U. S. 624, where it is held that a right to defeat an action for debt by a plea of the statute of limitations is not a property right nor a vested right and may be taken away at will by the Legislature. We, therefore, declare, following the above authority, the affirmative of the proposition.

It may be well to notice in this connection, however the distinction between the right to defeat an action for a debt and a vested right to real or personal property fully matured under a statute of limitations. In the latter case the right, of course, is within the constitutional prohibition and cannot be disturbed. Campbell v. Holt, supra.

It is argued that Campbell v. Holt, is not authority in this jurisdiction because inapplicable. In that case the court was passing upon a constitutional provision of the State of Texas, and construed the same only in so far as it might encroach upon the guarantees of the Federal constitution, while in this case, it is argued, we have additional limitation upon legislative power contained in what is termed our "Bill of Rights," wherein it is provided:

"No bill of attainder, *ex post facto* law, retroactive law or any law impairing the obligation of contracts, shall be made, . . . and "to guard against transgressions of the high power herein delegated, we declare that everything in this Bill of Rights, is excepted out of the general power of government, and shall forever remain inviolate; and all laws contrary thereto, or the provisions thereof, shall be void." Sections 3771 and 3779, Compiled Laws 1897.

This was an act of the Legislature of July 12, 1851, and ever since has remained unchanged upon the statute books of the Territory. It is not seriously commended, however, as, of course, it could not be, that this act is of more dignity or binding force than any other act of the Legislature except in so far as its scope and declaration of important and far-reaching principles of government entitled it to such distinction, or that the Legislature enacting this law could thereby limit the powers of any of its successors. It is suggested, however, that this Bill of Rights, having been submitted to Congress and, either affirmatively or negatively approved, it perhaps ought to be given the status

of organic importance.  The unsoundness of the proposition must be apparent.   This Bill of Rights is an ordinary act of the Legislature, of no more sanctity than than any other, enacted with no more formality than any other, and submitted to Congress in the same way as every other act of the Legislature.   If the submission to and approval of this act by Congress makes it a part of our organic law, then a like approval of every other act of the Legislature makes it organic law.   If so, when the Legislature has once acted on a given subject, the law so enacted becomes organic and fixed and is no longer open to change by the Legislature.   This, of course, is not true.

The next question is whether the act was intended to be and is in fact retrospective in its operation.   This must be determined from the act itself.   It may be assumed that statutes of limitation will be construed prospectively, unless existing causes are clearly within its terms.   It is fair to assume in this Territory, especially in view of our Bill of Rights, that courts will not construe an act retroactively unless compelled so to do by the language used.   The court will not unnecessarily assume an abandonment of a legislative policy declared in 1851 and ever since recognized. It is likewise a rule of statutory construction that no sentence, clause or word shall be deemed to be void, superfluous or insignificant if such a construction be possible.

It is with these considerations in mind that we shall examine the terms of this act of 1903.

Assuming for the moment that the Legislature intended this act to be prospective only in its operation, we may find without difficulty the terms in the act to effectuate that purpose as follows:

"If at any time after  .  .   the entry of judgment against him in this Territory, a debtor  .  .  .   shall be absent from or out of the Territory, the time during

which he . . . may be out of or absent from the Territory shall not be included . . . "

Here we have a complete provision covering all cases where the entry of judgment and the absence from the Territory occur subsequently to the passage of the act. The terms used are specific and plainly indicate what was intended by the Legislature. But in the act we find two additional clauses, namely: "shall have been" and "may have been," and the question is what effect is to be given to them. If the act is to be prospective only in its operation these words are entirely superfluous. We can not assume that they were so used and their full effect and meaning must be given them if the same can be ascertained. They clearly refer to some other absence from the Territory than such as might occur in the future. Of course, the only other absence from the Territory to which the words could refer is such as had occurred in the past.

Let us assume, then, that the Legislature intended to include past causes of action and past absences within the operation of the act and see if that intent will be within the meaning of the terms used. Thus:

"If at any time after . . . entry of judgment" (heretofore entered) "against him in this Territory, a debtor shall have been absent from or out of the Territory, . . . the time during which he may have been out of or absent from the Territory shall not be included. . . ."

These words seem to be well adapted to express the intention assumed, and, indeed, seem susceptible of no other application. The words "may have been" are in the present perfect tense and potential mode of the verb. The tense denotes a condition completed in present time the mode denotes possibility, contingency. The use of "may" in connection with "have been" precludes the application of the terms to anything future. They are the equivalent of "has been," the only difference being that in one case the expression is in the certain or indicative

Orman v. Van Arsdell.

form and in the other in the contingent or potential form. They both refer to a condition completed in present time.

It is claimed that the words "shall have been" can be properly applied only to absences to be completed at or before a future time. This, of course, is ordinarily true, the tense of the verb being the future perfect, but in the connection used, it being assumed that we have agreed that past absences are included in the words of the act, they express merely a past future, past or complete at or before the time the Legislature speaks, future in relation to the time of the entry of judgmnt. In this way we give to each word in the section its proper and full meaning and only in thus giving the act this construction can we do so. We must conclude, therefore, that the act is retrospective in its operation.

It is further suggested that section 2921 is a part of the act of 1880, in which act no mention is made of domestic judgments, of which this is one, and it is urged that the words "limitation above provided" in the act of 1903 limit the scope of the latter act to such limitations as were provided in the act of 1880 which had no application to judgments such as this. But in 1891 the Legislature substituted for section 2 of the act of 1880, a section which included domestic judgments and which is compiled as section 2914, Compiled Laws of 1897. So if section 2921 is to be construed as section 9 of the act of 1880, likewise is section 2914 to be construed as section 2 of the same act. This makes the words "limitation above provided" apply to domestic judgments.

We see no error in the record and the judgment of the lower court will be affirmed, and it is so ordered.

Mills, C. J., Pope, and Baker, JJ., concur.

McFie, A. J., having tried the case below and Mann, A. J., not having heard the argument, did not participate in this decision.