73 P.2d 810

**BUNTON v. ABERNATHY et al.**

No. 4302.

Supreme Court of New Mexico.

Nov. 15, 1937.

H. B. Hamilton, of Santa Rosa, for appellants.

Charles H. Fowler, of Socorro, for appellee.

SADLER, Justice.

The judgment appealed from was entered in plaintiff's favor against defendants on a promissory note for its principal amount, interest, and attorney's fees. The Bank of Magdalena in Socorro county was named as payee in the note and in connection with the liquidation of the assets of said bank it passed to plaintiff's intestate under a blank indorsement by the receiver thereof.

Action on the note was barred by limitations unless the statute was tolled by admitted facts. The defendants were nonresidents when the note was executed and have continued so ever since, being residents of Monterey in the republic of Mexico.

The applicable section of the limitations statute (1929 Comp., § 83-103) having been invoked by defendants, the plaintiff disputed its effect by reason of the provisions of section 83-107, tolling the statute during the period a debtor is absent or out of the state. The plaintiff insists this section is confined in its operation to resident debtors and is without application to one who was a nonresident when the debt was created and has remained so ever since. Thus arises the decisive question.

The defendants cite the case of Lindauer Mercantile Co. v. Boyd, 11 N.M. 464, 70 P. 568, 570, and insist it resolves the question in their favor. The plaintiff places reliance upon the later case of Orman v. Van Arsdell, 12 N.M. 344, 78 P. 48, 67 L.R.A. 438. The controlling statute was amended between the dates of the two decisions. It is argued by plaintiff that the amendment effected such a change in the law as, had it been in effect at the time of the Lindauer decision, would have compelled an opposite result; whereas the defendants insist the amend-

ment wrought no change in the law material to the issue presented.

In the Lindauer Case the territorial Supreme Court was construing Laws 1880, c. 5, § 9 (C.L. 1897, § 2921), reading as follows: "If, after a cause of action accrues, a defendant removes from the territory, the time during which he shall be a non-resident of the territory shall not be included in computing any of the periods of limitation above provided."

The plaintiff sued comakers upon a promissory note. When they excuted the note, and at all times thereafter, the defendants were nonresidents, one being a resident of the republic of Mexico and the other a resident of the state of Texas. They were present in Deming, N. M. however, when the note was executed. More than six years having elapsed after maturity of the note, the defendants interposed the statute of limitations as a bar. The plaintiff relied upon their absence from the state and invoked section 2921, C.L. 1897, quoted supra. The court correctly held that in order to come within the statute as it then read and prevent the running of limitations the defendant must have been a resident of the territory at the time the cause of action accrued and depart thereafter. Among other things, the court said: "There is no ambiguity in the language used in section 2921 of our statutes. The language is in common words, clear and explicit. Whether or not it is a just or wise law, it is not for us to say. It is not for the court to leg-islate, nor is it for the court to repeal legislative enactments."

This opinion was handed down on August 28, 1902. At the first session of the Legislature thereafter, the 35th session of the territorial Legislature, convening in Santa Fe on January 19, 1903, C.L. 1897, § 2921, was amended, effective March 14, 1903, to read as follows: "If, at any time after the incurring of an indebtedness or liability or the accrual of a cause of action against him or the entry of judgment against him in this state, a debtor shall have been or shall be absent from or out of the state or concealed within the state, the time during which he may have been or may be out of or absent from the state or may have concealed or may conceal himself within the state shall not be included in computing any of the periods of limitation above provided. L. '03, Ch. 62, § 1." Now 1929 Comp. § 83-107.

Orman v. Van Arsdell, 12 N.M. 344, 78 P. 48, 67 L.R.A. 438, was decided the following year, in September, 1904. At the time of the amendment the case was pending before the district court of Santa Fe county. It was a suit on a domestic judgment obviously within the bar of the statute unless such bar were removed by C.L. 1897, § 2921, as it existed prior to amendment, the defendant never having been a resident of this state. An answer to the amended complaint was filed November 4, 1901, interposing the statute of limitations as a defense. The decision

in the Lindauer Case had not then been rendered. It was handed down, as above noted, on August 28, 1902. Then followed the amendment on March 14, 1903. And on July 25, 1903, a demurrer was interposed to the answer to the amended complaint, said answer containing the plea of limitations. The demurrer was sustained and, defendant refusing to plead further, upon proof furnished, judgment was entered against him. The judgment was reviewed upon writ of error

The first point decided was that a right, fully matured, under existing law, to defeat a debt by plea of the statute of limitations, is neither a vested right nor a property right, and may be taken away at will by the Legislature. Next arose the question whether the amendment had retrospective operation. If it did not, then judgment should have gone for defendant, since his right to protection of the statute as it existed prior to amendment had matured by the running of the full period of limitations. The court held, as the language of the amendment so plainly discloses, that the Legislature intended it to operate retrospectively as well as prospectively.

Having determined these preliminary issues there remained for decision the single question whether the defendant's status as a nonresident denied application of the amendment to him. If it did, the defendant was entitled to judgment. If it did not, the plaintiffs should prevail. The plaintiffs had judgment below. The territorial Supreme Court affirmed that judgment.

Thus the territorial court gave to the statute as amended the construction contended for by the plaintiff in the case at bar. The sole issue in that case was whether the defendant's nonresidence removed him from operation of the exception contained in the statute as amended. As it existed prior to amendment, it had been held in the Lindauer Case inapplicable to one in defendant's situation because of nonresidence. The amendment was held to have effected a change and to bring defendant within its operation.

Indeed, it seems to have been taken for granted by the court and counsel in Orman v. Van Arsdell, supra, that the amendment applied to nonresident as well as resident debtors. The sole effort was to defeat its application to defendant's case (1) as disturbing a right fully matured and (2) as having only prospective operation. If it could not be defeated on either of these grounds (and both were denied) counsel seem to have conceded its application to defendant.

As suggested by plaintiff's counsel in the instant case, it would indeed be anomalous that defendant in the Van Arsdell Case, whose defense had fully matured under the statute of limitations, should be deprived of that right by the retroactive operation of the amendment, and the defendants in the case at bar, under the same act, be permitted to escape because of non-

residence under the prospective operation of the law.

The effect which the amendment had on the rights of the parties in Orman v. Van Arsdell, supra, as a pending case is no longer possible in view of N.M.Const. art. 4, § 34, reading: "No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure in any pending case."

The construction adopted by the court in Orman v. Van Arsdell, supra, is in line with what is said to be the weight of authority. In 17 R.C.L. 837, § 199, under "Limitation of Actions" the author says: "According to the generally accepted doctrine, if the statute provides that the period of limitation shall not run in favor of a debtor who is absent from or out of the state, the saving clause extends to foreigners, or those who have never resided in the state, as well as to citizens who may be temporarily absent. Whether the defendant be a resident of the state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso."

The contention of counsel for defendants that the Van Arsdell Case decided only that the amendment of 1903 had retrospective operation must be denied. Inquiry on that subject would have been without purpose except for supposed application of the amendment to defendant. Nor does Northcutt v. King, 23 N.M. 515, 169 P. 473, in any way affect the holding in Orman v. Van Arsdell, supra. It does not even cite the Lindauer and Van Arsdell Cases. The trial court properly held the statute involved applicable to defendant.

Another point is urged concerning plaintiff's status as a holder in due course of the note sued upon. Since plaintiff makes no claim to such status and did not question that the note was subject to any defense which defendants might have against it, we will not enter upon a consideration of when one is a holder in due course.

Finding no error, the judgment of the trial court will be affirmed.

It is so ordered.

HUDSPETH, C. J., and ZINN, J., concur.

BICKLEY and BRICE, JJ., did not participate.