No. 14,605.

WANGNILD v. TOWN OF HAXTUN.
(103 P. [2d] 474)

Decided May 6, 1940.

Mr. MYLES P. TALLMADGE, for plaintiff in error.

Messrs. SAUTER & SANDHOUSE, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, who was also plaintiff below, sought judgment for damages against defendant town because of failure of its treasurer to pay certain sanitary sewer district bonds in their numerical order. A general demurrer to the complaint based on insufficiency of statement of facts to constitute a cause of action, and a

special demurrer on the ground of nonjoinder of parties directed to the failure to name the town treasurer as a defendant, were interposed. The court sustained the general demurrer on the ground that no general liability existed as against the town. Plaintiff elected to stand on his complaint and judgment of dismissal was duly entered.

The complaint, omitting formal parts, was in words and figures as follows:

"3. On or about the first day of January, A.D. 1921, defendant Town issued and delivered its Sanitary Sewer District No. 1 Bonds in the principal amount of $74,500, dated January 1, A.D. 1921, consisting of 45 bonds in the denomination of $1,000 each, numbered 1 to 45, inclusive, and 59 bonds in the denomination of $500 each, numbered 46 to 104, inclusive, bearing interest at the rate of 6% per annum, payable semi-annually on January 1st and July 1st in each year, as evidenced by interest coupons attached to said bonds. Said bonds, by their terms, were made payable on or before the first day of January, A.D. 1938. Said bonds were duly issued pursuant to and in accordance with Sections 9464 to 9513, inclusive, Compiled Laws of Colorado, 1921, in anticipation of the collection of special assessments which were duly levied against real property in said Sanitary Sewer District No. 1, situated within the boundaries of defendant Town.

"4. Plaintiff is the owner and holder of bonds of said issue in the principal amount of $4,000, numbered 36, 37, 38, 42 and 45, in the denomination of $1,000 each.

"5. In accordance with said law, defendant Town paid and redeemed $35,000 of said issue of bonds in regular numerical order, being bonds numbered 1 to 35, inclusive, in the denomination of $1,000 each, and paid all interest on the outstanding bonds of said issue up to and including the first day of July, 1937, but it has not paid the interest which became due on the outstanding bonds of said issue on the first day of January, A.D. 1938.

"6. Section 9502, Compiled Laws of Colorado, 1921, being one of the sections of the law under which said bonds were issued, provides that bonds of the character of those involved in this action shall be paid in their numerical order. Notwithstanding said provision, defendant Town unlawfully paid and redeemed bonds of said issue of a face value of $8,000, namely bond numbered 43 in the denomination of $1,000, and bonds numbered 54, 58 to 67, and 87 to 89, all numbers inclusive, in the denominations of $500 each. The money used to pay said $8,000 of bonds was derived from said special assessments levied against real property in said sanitary sewer district, and was in the fund out of which plaintiff's bonds should have been paid. Such unlawful payment of $8,000 depleted said fund to such an extent that it does not now contain money for the payment of plaintiff's bonds and the interest due thereon or any part of said bonds or interest, and the time for the payment of said special assessments has expired.

"7. By reason of defendant's unlawful payment of bonds out of order, as aforesaid, plaintiff has been damaged in the principal amount of $4,000, with interest thereon from the first day of July, 1937, which amount defendant Town fails, refuses and neglects to pay.

"Wherefore plaintiff prays judgment against defendant Town in the principal amount of $4,000, with interest thereon from the first day of July, A.D. 1937; for costs in his behalf expended and for such other and further relief to which he may be lawfully entitled."

The trial court sustained the general demurrer on the assumption that the case of *City of Aurora v. Krauss,* 99 Colo. 12, 59 P. (2d) 79, is decisive of the issues here, but a reading of the first few lines of that opinion indicates a different situation than the one here involved. That case was a direct suit on the bonds; firstly, on the theory that they were general obligation bonds of Aurora, and, secondly, on the guaranty certificates attached thereto.

The instant case, as the complaint discloses, seeks damages against the town for tortious failure of its agent to comply with plain provisions of the law relative to the disbursement of trust funds coming into his hands by virtue of his office.

The precise point does not seem to have been passed upon in this jurisdiction, but in late years there appears to be a growing disposition to permit actions of this kind to be maintained. To thwart this trend, several states have passed statutes limiting the liability of municipalities in such cases. Colorado has no such statute.

The following recent cases sustain the right to bring such an action: *City of Jacksonville v. Bankers Life Ins. Co.*, 90 F. (2d) 141 (7th C.C.A.); *Smith v. Boise City* (Idaho), 18 Fed. Supp. 385; *Cook v. City of Staunton*, 295 Ill. App. 111, 14 N.E. (2d) 696; *Blackford v. City of Libby*, 103 Mont. 272, 62 P. (2d) 216; *Gray v. Town of Thermopolis* (No. 2503 U.S. Dist. Ct. Wyo.). The attempt on the part of counsel for defendant in error to distinguish these cases is not persuasive.

Our conclusion is that the complaint states a cause of action. We do not propose to say what is the amount of recovery, but leave that and other questions as may arise to such developments as may follow.

Judgment reversed and cause remanded with instructions to overrule both the general and special demurrer.