**GRAY et al. v. CITY OF SANTA FE, N. M.**
No. 2322.

Circuit Court of Appeals, Tenth Circuit.
Nov. 26, 1941.

Rehearing Denied June 8, 1943.

---

Myles P. Tallmadge, of Denver, Colo., for appellants.

C. R. McIntosh, City Atty., of Santa Fe, N. M. (J. O. Seth, of Santa Fe, N. M., on the brief), for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

MURRAH, Circuit Judge.

This appeal grew out of the same facts, before this court, in Gray v. City of Santa Fe, 10 Cir., 89 F.2d 406, and necessitates a further consideration of the same facts

376

and law, supplemented by the conduct of the parties subsequent to our decision in the former case.

By appropriate ordinances enacted by the City of Santa Fe, New Mexico, on March 13, 1922, provisions were made for the paving of certain of its streets. The ordinances provided for the issuance of assignable certificates payable by special assessments to be levied against the abutting property, and creating a lien against the property for the payment of the same. The certificates were convertible into bonds of the city of Santa Fe, to be issued by it, but the liability of the City on the bonds was expressly limited to the assessments against the abutting property.

By the provisions of the said ordinances the City Treasurer of the city of Santa Fe was constituted the Trustee for the bondholders to collect all assessments levied against the property; to hold the monies so collected in a special fund, and to disburse the same to the bondholders in payment of the accrued interest and principal on the bonds. By the same ordinances the City expressly agreed to enforce the liens against the property against which there were delinquent assessments, by foreclosure and sale of the property at public auction. If no bidders, the City agreed to bid the property in its own name, and to sell or dispose of the same for the benefit of the owners of the bonds. This procedure was authorized by statute.[1] See Gray v. City of Santa Fe, 10 Cir., supra, and Hodges v. City of Roswell, 31 N.M. 384, 247 P. 310. The City defaulted in its trust obligation by refusing, or neglecting to enforce the collection of the special assessments by foreclosure of the property against which there were delinquent assessments.

When certain of the bonds, secured by the liens against the property, matured according to their numerical order without sufficient funds for the retirement of the same, the bondholders sued the City on its trust obligation. They prayed judgment against the City for the face amount of the matured bonds, with accrued interest, less any sums paid thereon, and for general relief.

The trial court dismissed the several causes of action on the grounds that Section 90-1701, new Mexico Statutes 1929, supra, which authorized the City to enter into the trust obligation, likewise authorized the bondholders, in the event of default by the City, to institute an action in its own behalf to enforce collection by foreclosure of the liens against the property. In addition to the right to foreclose the liens in the manner authorized by statute, the bondholders could have by mandamus compelled the City to perform its trust obligation. That because there existed a valid and enforceable lien against the abutting property, which the bondholders had not sought to enforce by appropriate proceedings in their own behalf or by mandamus against the City, it could not now maintain a suit for damages for the face value of the bonds and interest. Gray v. City of Santa Fe, D. C., N. M., 15 F.Supp. 1074.

In the opinion by the trial court (15 F. Supp. 1076), it was stated: "It may be that when plaintiffs shall have taken steps to foreclose the liens in their own names, or to mandamus the city to compel it to enforce them, the city will be liable for the necessary and reasonable expenses incurred and perhaps other elements of damages; * * * the city is not presently liable in the amount of the principal and interest due upon the bonds as a result of the asserted breach. * * *" From this judgment the bondholders appealed.

On appeal (89 F.2d 406, 411), this court affirmed the principle announced by the trial court, stating: "Where the owner of an obligation enters into a contract with another to act as agent of the owner in the collection of such obligation and to take certain steps to enforce the obligation and the agent fails and neglects so to do, would the agent be liable to the owner of the obligation for the principal thereof with interest when the owner may still enforce payment of the obligation by the debtor? We think not. It seems to us the same rule should apply here. We conclude that the assessments being still subsisting and subject to collection by either of the methods provided in section 90-1701, supra, the City's failure in the respects alleged did not render it liable for the full amount of the unpaid bonds and interest. * * * We only hold that the facts set out in each [count] do not warrant the recovery of the damages specifically alleged and relief specifically sought. We are of the opinion that each count did state a cause of action for the recovery of such damages as

[1] Section 1, c. 133, N.M. Session Laws 1923, Section 90-1701, N.M.Stat. 1929.

may flow from the breach alleged, such as shrinkage in value during the delay, costs of mandamus or foreclosure proceedings, and other like elements." The cause was reversed with directions to modify the judgment and to dismiss the cause of action without prejudice to another action for damages properly recoverable for the alleged breaches of contract.

After the decision of this court the City, without further compulsion, proceeded to enforce the delinquent assessments by foreclosure of the property against which there were delinquent assessments, and to liquidate the same as provided by law, and its trust agreement. After the foreclosure of the property and the application of the funds, as provided by the ordinances, there now remains unpaid on the interest and principal of the bonds the amounts for which the holders thereof, appellants here, seek damages against the City in this suit.

The petition alleges that because of the delay in the institution of the suits to foreclose, and the collection of the assessments, there has been a shrinkage, or loss, of valid assessments in the amounts set forth in each cause of action and as a consequence the outstanding and unpaid bonds are now worthless, or practically so, and the bondholders are entitled to a judgment for the difference between the face value of the bonds, with interest, and the amount realized by the liquidation of the enforceable liens. As further grounds for damages the appellants allege that the City misapplied the collected assessments by the application of funds from assessments for principal to the payments of interest on the bonds, thereby contributing to the loss or deficit in the fund created for the payment of principal on the outstanding bonds; that by this misapplication the outstanding bonds continued to bear interest without corresponding assessments for the payment of the same, which in turn caused an accumulation of interest against properties which had decreased in value, and were already delinquent, thereby discriminating against holders of bonds having a higher numerical number of the same issue.

The trial court determined that the petition did not state a cause of action and accordingly dismissed the same, from which the appellants have again appealed.

■ There is nothing contained in the ordinances, or authorizing statute (Section 90-1701, New Mexico Statutes 1929), creating the trust obligation of the City of Santa Fe, or the bonds issued in pursuance thereof, which directs or requires the City to apply the collected funds in any specific manner, except to the retirement of the bonds in their numerical order. Absent specific directions in the applicable statutes, ordinances, or bonds for the application of collected funds to interest and principal, in the event of insufficiency to pay both at maturity, we hold that the City incurred no obligation with respect thereto except to apply the available funds in accordance with the provisions of the ordinances creating the obligation.

■ From what has been said here by repetition of the holding of this court in its former decision, it is now manifest that the ordinances enacted by the City of Santa Fe, on August 15, 1922, created an authorized trust obligation on the part of the City to assess and collect assessments against the abutting property, against which there was a lien created for the payment of the bonds in question. It became the duty of the City Treasurer to collect such assessments and to place the same in a special paving fund, and to disburse the same as provided. If any assessment, installment, or interest due thereon, should not be paid within thirty days from the date of maturity it became the duty of the City Treasurer to refer the same to the City Attorney for collection and foreclosure. It became the "immediate duty" of the City Attorney to enforce collection of the amount due, together with all costs and penalties, by foreclosure as provided by the ordinances.

■ When the City Attorney failed and neglected to perform the duties imposed upon him by the ordinances, the bondholders had the alternative remedies of (1) enforcing the collection of the assessments by a suit to foreclose in their own behalf, or (2) by mandamus to compel the City to perform its trust obligation. If the bondholders should be compelled to resort to one of the remedies granted, the City would be liable for the costs and expenses incident to either remedy the bondholders elected to pursue, together with any damages resulting by reason of the failure of the City to diligently fulfill its trust obligation. This, of course, would depend upon the proof adduced under appropriate proceedings.

We hold, therefore, that the City is liable for damages caused by the shrinkage in the value of the assessed property from the date on which it became obligated to enforce the collection of assessments by foreclosure and the date on which it became the duty of the bondholders to either enforce collection of the assessments by a suit to foreclose in their own behalf, or to compel the City by mandamus to perform its trust obligation, together with costs of the proceedings. This time element, of course, turns upon the question of when the City's breach became reasonably apparent to the bondholders, at which time they had the duty to act in their own behalf.

Manifestly, the bondholder was under no duty to act in his own behalf until he had notice of the breach of the obligations by the default of the interest or principal on the bond, of which he was the owner or holder, unless it is shown that by some other circumstances, the bondholder was apprised of the breach, in which event it became his duty to timely act.

We hold that the allegations of plaintiff's petition, on each of the causes of action, are susceptible of such proof and to that extent they do not fail to state a cause of action.

The case is reversed and remanded with directions to proceed in accordance with the views herein expressed.