No. 15,026.

TOWN OF HAXTUN *v.* WANGNILD.
(127 P. [2d] 328)

Decided June 22, 1942.

Mr. RAYMOND M. SANDHOUSE, for plaintiff in error.

Mr. MYLES P. TALLMADGE, Messrs. BARTELS, BLOOD & BANCROFT, for defendant in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

This is the second appearance of this controversy in this court. Previously, in the proceeding entitled *Wangnild v. Town of Haxtun,* 106 Colo. 180, 103 P. (2d) 474, we held that the district court had erred in sustaining a general demurrer to the complaint of Wangnild, to whom we shall refer hereinafter as plaintiff. The complaint alleged that plaintiff was the owner of four $1,000 bonds of a special improvement district located within the bounds of the defendant Town of Haxtun. Such bonds were issued in accordance with sections 9464 to 9513 inclusive, C.L. 1921, in anticipation of the collection of special assessments which were levied against the real property in the district. Recovery from the town itself was sought because certain of the district bonds allegedly had been paid out of their numerical order, contrary to the provisions of section 9502 C.L. 1921, whereby the special fund was depleted to the extent that it contained insufficient money to pay plaintiff's bonds, which bore lower numerical designations than some which were paid. The controlling allegations of the complaint were set out verbatim in our former opinion and need not be repeated here.

Following the remanding of the cause to the district court with directions to overrule the general demurrer, and another based on the nonjoinder of the town treasurer, the Town of Haxtun filed an answer setting up three defenses. The first consisted of admissions and denials, and matters of avoidance directed to the specific allegations of the complaint. The second interposed the statute of limitations and the third was grounded upon matters of alleged estoppel. On motion of the plaintiff the court struck the second and third defenses and the matters of avoidance contained in the first. Treating the motions to strike as demurrers, as was their real effect,

the court gave the town the option of amending or standing upon its answer. The town took the latter alternative, following which the court, with the view that the answer raised no issues of fact nor asserted any valid defense, entered judgment for $4,000, with interest, in favor of plaintiff and against the town. Counsel for the town contends that the court erred: (1) In sustaining the motion to strike; and, (2) In entering judgment against it.

The answer admitted that fourteen bonds of the issue, having an aggregate face value of $7,500 of higher numerical designation than plaintiff's bonds, had been paid "by the town treasurer of the Town of Haxtun" and that no money remained in the special fund for the payment of plaintiff's bonds.

■ As a basis of the second ground of error, counsel argues that the liability of the town as a municipality was not established by its admission that certain of the bonds had been paid out of their numerical order by the town treasurer. This contention is without merit. Our decision in *Wangnild v. Town of Haxtun, supra,* settled the law of the case. As appears from the opinion therein, we considered that the alleged unlawful method of payment by the treasurer, if true in fact, imported liability to the town itself. Consistently, in other jurisdictions in cases of this nature, it has been held that municipalities are not exempted from liability for their treasurer's conduct on the theory that he was acting in a governmental capacity or because his duties were purely statutory. *Blackford v. City of Libby,* 103 Mont. 272, 62 P. (2d) 216; *Witter v. Phillips County,* 111 Mont. 352, 109 P. (2d) 56.

■■ The stricken defense of the statute of limitations was grounded upon the allegation that plaintiff's cause of action accrued on the dates of the unlawful payments of bonds of higher numerical designations than plaintiff's, all of which transactions, with one exception, were alleged to have occurred more than six

years before the institution of this action. The fallacy of this contention lies in the circumstance, which was the basis of our decision in *Wangnild v. Town of Haxtun, supra,* that the town was a trustee of the special assessment funds, acting for the bondholders, who were the cestuis que trustent. Where such relationship exists no statute of limitations commences to run until there has been a repudiation of the trust, and no repudiation is here alleged. *Blackford v. City of Libby, supra; Brown-Crummer Inv. Co. v. City of Miami,* 40 Fed. (2d) 508; *Witter v. Phillips County, supra; New Orleans v. Warner,* 175 U.S. 120, 20 Sup. Ct., 44, 44 L. Ed. 96. See, also, *French v. Woodruff,* 25 Colo. 339, 54 Pac. 1015. By their terms, unless sooner called, and there is here no allegation that they had been called, the bonds here involved were payable January 1, 1938. Interest in full was paid up to January 1, 1937. Under any theory, the action instituted in 1939 was in apt time. As the Trial Court clearly stated in ruling on the motion to strike, the case of *Schoolfield v. School District,* 101 Colo. 56, 70 P. (2d) 353, upon which the town strongly relies, is inapplicable to the present proceeding. That case concerned a county warrant, not a bond, and the action was based on the obligation itself with no trust relationship involved. Under the facts, which were entirely different from the allegations and admissions here, it was held that the warrant had been matured by call more than six years before the suit was brought.

 The third defense purported to set up an estoppel against plaintiff on the theory that he had acquired title to the bonds involved—which were payable to bearer—with notice "as to the various proceedings had in connection with the adoption of the ordinance * * * and in connection with the preparation and execution of the bonds" without consideration for their assignment or transfer, "and for the sole purpose of instituting this litigation." It is not asserted that the initial issuance of the bonds by the town was without consideration. No

authority to the effect that such allegations would create an estoppel or defense is cited, and no valid reason, as an original matter, is advanced therefor. The admission by the town that "plaintiff is the owner and holder" of the bonds in question, would seem to foreclose any defense questioning his title thereto. We are of the opinion that the trial court ruled correctly in striking the special defense under discussion.

The judgment is affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BURKE and MR. JUSTICE JACKSON concur.