## FREEMAN v. TOWN OF GALLUP.

### No. 3151.

Circuit Court of Appeals, Tenth Circuit.

Nov. 5, 1945.

Rehearing Denied Dec. 11, 1945.

H. A. Kiker, of Santa Fe, N. M. (Manuel A. Sanchez, of Santa Fe, N. M., on the brief), for appellant.

A. T. Hannett, of Albuquerque, N. M. (John R. Scanlon, of Gallups, N. M., and M. C. Mechem, of Albuquerque, N. M., on the brief), for appellee.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

This was an action instituted in the United States Court for New Mexico by Marion Freeman against the Town of Gallup. The facts are not in dispute. By conventional proceedings, the municipality created a street improvement district, levied an assessment against the abutting property, and issued paving bonds payable out of the proceeds of the assessment. Unless the owner of the property paid the assessment in full within thirty days after it became effective, it then was payable in ten equal annual installments, the first on or before June 1, 1932, and the others successively on the same day in each year thereafter until paid in full. Failure to pay any installment when due immediately matured the whole of the unpaid principal. The bonds were in the principal sum of $100,000, consisting of 200 bonds in the denomination of $500 each. They all matured on December 1, 1941, and were payable in numerical order. Bonds numbered

1 to 61 were paid and discharged in numerical order. Plaintiff owns ten bonds, numbered 101 to 110, inclusive. During the years 1935 and 1936, the then owners of bonds numbered 128, 130 to 146, inclusive, and 153 to 177, inclusive, aggregating $21,500, surrendered such bonds in satisfaction of the assessment lien against their property and the treasurer of the municipality cancelled the lien against the property. Alleging in effect that the acceptance of the bonds and the cancellation of the lien constituted a wrongful invasion of her rights, plaintiff sought to recover damages in the sum of $5,000, with interest thereon from December 1, 1941. The court sustained a plea of limitation and entered judgment for the defendant. Plaintiff appealed.

It is the duty of a city or town in New Mexico to enforce collection of assessments of this kind. But under the law of the state mere failure to do so—without more—thereby allowing exercise of the right of enforcement to become barred by limitation does not render the municipality liable to the owner of the bonds for breach of contract, for breach of trust, or in tort. The owner of bonds of this character has the right created by statute to foreclose the assessment lien if the municipality fails to act, and that statutory remedy is exclusive of an action against the municipality either for breach of contract, for breach of trust, or in tort. Munro v. City of Albuquerque, 48 N.M. 306, 150 P.2d 733. But here the municipality did not merely fail to enforce collection of the assessments. It acted affirmatively. It accepted bonds higher in number than those of plaintiff in satisfaction of the lien against the property of the persons surrendering the bonds and its treasurer cancelled the lien against such property. Instead of instituting within season an appropriate action to set aside the cancellation, reinstate the lien, and foreclose it, plaintiff waited until the exertion of the right of enforcement had become barred by limitation, Altman v. Kilburn, 45 N.M. 453, 116 P.2d 812, 136 A.L.R. 554, and then brought this suit in tort for the recovery of damages. The tort relied upon was the wrongful acceptance of the bonds in satisfaction of the assessment and the cancellation of the lien.

Section 27-104, New Mexico Statutes 1941, provides in substance that actions for injuries to property, or for the conversion of personal property, and all other actions not therein otherwise provided for shall be brought within four years after the cause of action accrued. And section 27-106 provides that a cause of action for injuries to or the conversion of property shall not be deemed to have accrued until the injury or conversion shall have been discovered by the party aggrieved. From the inception of the paving district, the municipality kept and maintained in the office of the treasurer an accounting system which showed the payments made on each piece of property on which a paving assessment had been levied. The records showed the amount of payments made, the dates thereof, the balance owing on each assessment, and the date due. And the records were available for inspection by any interested party at any time. Plaintiff was required to take notice of the records of the municipality pertinent to the time and manner of payments, defaults, delinquencies, failure or refusal to take steps to enforce collection, and other related matters. And it was her duty to keep informed as to what was being done or left undone by the municipality. Munro v. City of Albuquerque, supra.

There was nothing here which indicated that the acceptance of the bonds and the cancellation of the lien in the manner previously outlined was surrounded by secrecy, that inadequate or incomplete records were maintained, designedly or otherwise, or that reasonable diligence on the part of plaintiff would have failed to develop full information. Despite the constructive notice with which plaintiff was charged, despite the sources of information reasonably within her reach, and despite her duty to keep informed concerning the things done or left undone by the municipality, she did not begin this suit until approximately eight years after the last bonds were accepted and the lien cancelled. Assuming, without deciding, that foreclosure of the lien was not the exclusive remedy available to plaintiff in the circumstances presented here, that the acceptance of the bonds and the cancellation of the lien constituted an actionable tort, and that she could have maintained a suit of this kind, if seasonably instituted, the cause of action accrued at the time the wrong occurred, the suit was initiated more than four years thereafter, and therefore it was barred by limitation.

The judgment is affirmed.

On Petition for Rehearing.

Rehearing denied.

PHILLIPS, Circuit Judge (concurring).

The denial of the petition for rehearing has my concurrence, but because of the contentions urged in the petition, I feel impelled to state a reason not reflected in our opinion why I think the judgment below should be affirmed. The facts are sufficiently stated in the opinion of the court, decided Nov. 5, 1945.

The statutory period of limitations is four years from the accrual of the cause of action. The appellant contends that its cause of action falls within the provisions of § 27-106, N.M.Stat.1941, which provides: "Accrual of actions for fraud or mistake, injuries, or conversion of property.—In actions for relief, on the ground of fraud or mistake, and in actions for injuries to, or conversion of property, the cause of action shall not be deemed to have accrued until the fraud, mistake, injury or conversion complained of, shall have been discovered by the party aggrieved."

In the instant case there was no fraud or mistake. Neither, in my opinion, is the cause of action one for injury to, or conversion of, property.

Injury to property in its ordinary sense means some physical damage, hurt, or injury to the property itself by virtue of which its value has become diminished or destroyed, and not to the mere personal right or rights of property. Blocker v. Boswell, 109 Ga. 230, 34 S.E. 289; Cleveland v. Barrows, 59 Barb. 364, 369; Wolf v. Wall, 40 Ohio St. 111.

The wrong was the acceptance by the town officials of bonds instead of money in payment of assessments and the purported cancellation of the assessments of record. The town officials were wholly without legal authority to accept such bonds in payment or to cancel such assessments on receipt of payment in bonds. Their action in that respect was a nullity. The assessments were still valid and subsisting and the duty to collect them remained. Appellant's remedy was not for injury to, or conversion of, property, but a suit in equity to vacate the cancellation and reinstate the assessments on the town records, and to compel the collection of the assessments and the proper application of the moneys collected in payment of the bonds in numerical order.