183 P.2d 156

**CRIST v. TOWN OF GALLUP.**

No. 4938.

Supreme Court of New Mexico.

March 19, 1947. .

Rehearing Denied Aug. 2, 1947.

F. A. Catron, of Santa Fe, for appellant.

Mechem & Hannett and A. T. Hannett, all of Albuquerque, and John R. Scanlon and George E. McDevitt, all of Gallup, for appellee.

McGHEE, Justice.

This is an action against the Town of Gallup to recover the value of bonds made worthless by the act of the town in paying bonds out of their numerical order. The trial court rendered judgment on the pleadings on the grounds the sole remedy of the plaintiff was by foreclosure, and that the issuance of the bonds was not submitted to a vote of the people as provided by Art. 9, Sec. 12 of the Constitution of New Mexico. We will refer to the parties as they appeared below.

By conventional proceedings, the municipality created a street improvement district, levied an assessment against the abutting property, and issued paving bonds payable out of the proceeds of the assessment, unless the owner of the property paid the assessment in full within 30 days after it became effective, it then was payable in 10 equal annual installments, the first on or before June 1, 1932, and the others successively on the same day in each year thereafter until paid in full. Failure to pay any installment when due immediately matured the whole of the unpaid principal. The bonds were in the principal sum of $100,-000 consisting of 200 bonds in the denomination of $500 each. They all matured on Dec. 1, 1941, and were payable in numerical order. The plaintiff is the owner of 26 of these bonds, being numbers 63, 66 to 75, inclusive, and 81 to 95, inclusive. Attached to the bonds are numerous interest coupons.

The complaint had withstood attack by demurrer and stated a cause of action unless defeated by the defensive new matter. On account of the state of the pleadings the trial judge apparently considered only the two defensive matters above stated. Previously, Judge Moise had sustained demurrers to such new matter, but after our decision in Munro v. City Albuquerque, 48 N.M. 306, 150 P.2d 733, Judge Barker believed such decisions to be erroneous and as the orders were only interlocutory, in effect vacated them by allowing such matter to be again pleaded. This was a matter within his discretion and was not error as contended by plaintiff. 41 Am. Jur. Sec. 255, Pleading, p. 472.

Is foreclosure the sole remedy of plaintiff?

As shown by the recitations in the judgment, the trial judge based his decision on the Munro Case, supra. In that case we excused the City from liability for failure to foreclose assessment liens and allowing them to be barred by limitations, on the ground the bondholder was given the equal right of foreclosure, and that it was his duty to inspect the records and himself file suit on default of the city. It is true the majority spoke quite softly of the trust relation, but it did not repudiate this doctrine, which had been firmly established by Hodges v. City of Roswell, 31 N.M. 384, 247 P. 310; State ex rel. Ackerman v. City of Carlsbad, 39 N.M. 352, 47 P.2d 865, and State ex rel. Lynch v. District Court of McKinley Co., 41 N.M. 658, 73 P.2d 333, 113 A.L.R. 746. This limited result was reached over the vigorous protests of Mr. Justice Sadler and District Judge Barker, who sat in the case as a member of this court.

In Freeman v. Town of Gallup, 10 Cir., 152 F.2d 273, 274, in a case involving paving bonds of the same series as in this case, the circuit court of appeals of the Tenth Circuit gave our decision in the Munro case the same construction as did Judge Barker in the present case, that is, that plaintiff's sole remedy was by foreclosure, although Judge Phillips seems to have been largely influenced by his interpretation of our limitation statute, overlooking, however, the trust relation where limitation does not start running until the trust is repudiated.

■ We are of the opinion the Supreme Court of Colorado stated the correct rule on this point in Wangnild v. Town of Haxtun, 106 Colo. 180, 103 P.2d 474, and in the second appeal of the same case in 109 Colo. 518, 127 P.2d 328, that the owner of special improvements bonds could maintain an action for damages resulting from the failure of the treasurer of the municipality to pay the bonds in their numerical order as required by statute, which caused depletion of the fund out of which the bonds were payable to such extent that it did not contain money for payment of the owner's bonds.

■ We likewise approve the statement of that court in the second appeal that the town was a trustee of the special assessment funds acting for the bondholders, who were the cestuis que trustent, and that where such relationship exists no statute of limitations begins to run until there has been a repudiation of the trust.

The trial court erred in holding plaintiff's sole remedy was by foreclosure.

■ Does the fact that the issuance of the bonds sued on was not submitted to a vote of the qualified electors of the town as provided by Article 9, Section 12, of the New Mexico Constitution prevent recovery?

The liability sought to be imposed on the defendant is not because sufficient assessments were not levied to meet the indebtedness or that it assumed such indebtedness as a general liability, but for unlawful disbursements of funds collected, to the damage of plaintiff. As stated by Mr. Justice Sadler in his dissenting opinion in the Munro case, it arises not from within, but without the statute, and as he said, by our own decisions such a liability is not within statutory or constitutional limitations touching the creation and amount of municipal indebtedness. See Barker v. State ex rel. Napoleon, 39 N.M. 434, 49 P.2d 246; State ex rel. Martin v. Harris, 45 N.M. 335, 115 P.2d 80; In re Atchison T. & S. F. R. Co's. Taxes in Eddy Co. for 1933, 41 N.M. 9, 63 P.2d 345; 38 Am.Jur. 138, 139; 38 A. L.R. 1277.

The trial court also erred in its decision on this point.

An additional affirmative defense is urged but it was not passed on by the trial court on account of the state of the pleadings, that some bonds were accepted by the town from property owners as payment of the assessments and the liens against their property released, without any money changing hands; and that the town maintained complete records of such transactions.

Ordinarily, we do not pass on questions not necessary for a decision, but due to the long lapse of time since this case was filed and the misunderstanding of our holding in the Munro case, we state these facts, if true, do not constitute a defense. The bondholders had the right to assume that only money would be received in payment and they were not required to inspect the records to see that worthless bonds were being accepted.

The judgment will be reversed and the case remanded to the district court for further proceedings in accordance with this opinion, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

On Motion for Rehearing.

In its motion for rehearing and in the argument thereon the appellee urges that the treasurer and not the town is the trustee, and calls our attention to the following statement in State ex rel. Ackerman v. City of Carlsbad, 39 N.M. 352, 47 P.2d 865, 869: "The city treasurer is the trustee, if this be a trust. His is the discretion if there is any."

A reading of the opinion impresses one that the court was not drawing a distinction between the city and its ministerial officer as the trustee. It is said elsewhere in the opinion: "While the city assumes no general liability for the payment of these bonds, it does obligate itself to create such paving fund, to collect and enforce

the special assessments, to place the proceeds in the fund, and to pay 'this bond out of such receipts in the manner provided by the ordinance under which this bond is issued.' Such a bond issue is an optional part of our statutory scheme for financing municipal improvements."

This court directly held the city was the trustee in Hodges v. City of Roswell, 31 N.M. 384, 247 P. 310, and State ex rel. Lynch v. District Court, 41 N.M. 658, 73 P.2d 333, 113 A.L.R. 746, and did not disaffirm it in the Munro case [Munro v. City of Albuquerque], 48 N.M. 306, 150 P.2d 733. It has also been so held by the Circuit Court of Appeals for the 10th Circuit in Gray v. City of Santa Fe, 89 F.2d 406, and in the same case in 10 Cir., 135 F.2d 374. The same holdings are made in City of New Orleans v. Warner, 175 U.S. 120, 20 S.Ct. 44, 44 L.Ed. 96; Wangnild v. Town of Haxtun, 106 Colo. 180, 103 P.2d 474, Id., 109 Colo. 518, 127 P.2d 328, and Blackford v. City of Libby, 103 Mont. 272, 62 P.2d 216, 107 A.L.R. 1348.

We reaffirm our previous holding that the town and not the treasurer is the trustee.

The town also urges that if there be a trust it is an implied or resulting trust, and that therefore the statute of limitations began running at the time of the commission of the wrongful acts, and that the action is barred. In addition to the case of Wangnild v. Town of Haxtun, cited in the original opinion, we call attention to the case of City of New Orleans v. Warner, supra, where the city had voluntarily undertaken the collection and disbursements of drainage assessments under authority of permissive legislation but had failed to discharge its duties. In a suit by a warrant holder against the city it was claimed by the defendant that his only recourse was to the fund and that the statute of limitations barred the action. In answering this contention, Mr. Justice Brown stated [175 U.S. 120, 20 S.Ct. 48]: "Having thus voluntarily assumed the obligations of a trustee with respect to this fund, it cannot now set up the statute of limitations against an obligation, which, as such trustee, it had undertaken and failed to perform. The rule is well settled that in actions by cestuis que trust against an express trustee, the statute of limitations has no applications, and no length of time is a bar. While that relation continues, and until a distinct repudiation of the trust by the trustee, the possession of one is the possession of the other, and there is no adverse relation between them."

Blackford v. City of Libby, supra, was an action by the holder of a warrant payable out of a special improvement fund where a deficit was caused by the treasurer paying one warrant two times, of which the plaintiff had notice at the time of the second payment. The city pleaded limita-

tions; that in making the payment of the second warrant, the city treasurer was acting as agent for the warrant holders, and not for the city and the payment was from a special fund, and not the funds of the city; that the duties of the city treasurer in that regard were defined by statute and the council had no control over him, and that in making the payment the treasurer was performing a governmental function.

The court held against these contentions, and among other things said [103 Mont. 272, 62 P.2d 218]: "When it so received that money, it became a trustee. Now it is being sued for negligence on account of its violation of that trust. The city must answer for its negligence in handling the trust funds."

The case quotes approvingly from State ex rel. Clark v. Bailey, 99 Mont. 484, 44 P. 2d 740, 744, on the status of the city treasurer: "The office of city treasurer is a continuing one, regardless of the person who may occupy it at any particular time, and the contention that the defendant in this action was not the person who held the office when the funds embezzled were received is not material. The city must answer for the illegal acts of its servants. * * * The city, and not the treasurer, is liable to the bondholder here." And further quoting: "A fund that is derived from a special levy or one created for a specific purpose is in the hands of muni-

cipal officials in trust. The municipality is merely a custodian, and its duties relative to such funds are purely ministerial. It may not use or divert them."

And again: "As we have already indicated, the fund as it was accumulated was held by the city as a trust fund for the warrant holders. While it was not in the strict sense of the word an express trust, the rule, we think, with respect to the running of the statute of limitations in such cases has a reasonable and practical application. It has been very generally held that, as between the trustee and the beneficiary of an express and continuing trust, the statute of limitations does not run until the trust has been clearly and unequivocally repudiated, and until notice of such repudiation has been received by the beneficiary." (Citing cases.)

In its brief and argument on rehearing the town for the first time calls attention to Sec. 27-117, 1941 N.M.S.A., of our limitation statutes which read: "None of the provisions of this chapter shall run against causes of actions originating in or arising out of trusts, when the defendant has fraudulently concealed the cause of action, or the existence thereof from the party entitled or having the right thereto."

It states as there was no allegation or proof of concealment that this statute and case of Patterson v. Hewitt, 11 N.M. 1, 66

P. 552, 55 L.R.A. 658, affirmed in 195 U.S. 309, 25 S.Ct. 35, 49 L.Ed. 214, are an absolute bar to the plaintiff's action. In answer to this claim we cite Chap. 181, Laws of 1941, the first section of which appears as Sec. 27-122, 1941 N.M.S.A., as follows: "No suit, action or proceeding at law or equity, for the recovery of judgment upon, or the enforcement or collection of any sum of money claimed due from any city, town or village in this state, or from any officer as such of any such city, town or village in this state, arising out of or founded upon any ordinance, trust relation, or contract written or unwritten, or any appropriation of or conversion of any real or personal property, shall be commenced except within three (3) years next after the date of the act of omission or commission giving rise to the cause of action, suit or proceeding; and no suit, action or proceeding to recover damages for personal injury or death resulting from the negligence of any city, town or village, or any officer thereof, shall be commenced except within one (1) year next after the date of such injury. All such suits, proceedings or actions not so commenced shall be forever barred, provided, however, that as to all such actions heretofore accrued, suit to recover thereon may be instituted at any time on or before December 31, 1941, but not otherwise."

We call attention to the fact that this action was filed Dec. 29, 1941, and that under the law as established in Orman v. Van Arsdell, 12 N.M. 344, 78 P. 48, 67 L.R.A. 438, the statute operated retrospectively and had the effect of reviving an action theretofore barred, provided it was filed on or before Dec. 31, 1941. This case has never been overruled and we find it cited in Re Goldsworthy's Estate, 45 N. M. 406, 115 P.2d 627, 148 A.L.R. 722, as well as in Bunton v. Abernathy et al., 41 N.M. 684, 73 P.2d 810. In fact, this 1941 Act and the case of Orman v. Van Arsdell, supra, provide an effective bar against escape on the part of the town even if we held with it in its contention that at most there was only an implied or resulting trust.

The town will have to reimburse the plaintiff for the loss sustained by him on account of its wrongful acts.

Our opinion in this case must not be understood as overruling the Munro case holding that a municipality is not liable to the bondholder for losses incurred because of its failure to institute foreclosure proceedings before the liens became barred by limitations under our decision in Altman v. Kilburn, 45 N.M. 453, 116 P.2d 812, 136 A.L.R. 554.

The motion for a rehearing is denied.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.

COMPTON, J., not participating.