**DISTRICT OF COLUMBIA, Appellant,**

v.

**Melvin Donald FRANKLIN, Appellee.**

**No. 2400.**

Municipal Court of Appeals for the District of Columbia.

Argued June 1, 1959.

Decided Oct. 1, 1959.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

Charles T. Duncan, Washington, D. C., with whom Frank D. Reeves, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Title 11, Section 952 of the D.C.Code (Supp. VII) provides in part:

> "Proceedings to establish paternity and provide for the support of a child born out of wedlock may be instituted after four months of pregnancy or within two years after the birth of the child * * *: *Provided, however,* That the time during which the defendant shall be absent from the jurisdiction shall be excluded from the computation of the time within which complaint may be filed."

The complaint in the present case was filed on behalf of the complainant approximately three years after the birth of her child. It alleged that defendant was the father of a child born out of wedlock in the District of Columbia on January 3, 1955. Prior to 1954 both the complainant and defendant were residents of Virginia. Complainant moved to the District a few months before the child was born and defendant, who is a member of the armed forces, came here on a military assignment 2½ years after the birth of the child.

On these facts, the court dismissed the case for lack of jurisdiction holding: (1) that the action was barred by the statute of limitations; and (2) that the tolling provision of the statute did not apply to a defendant who had not been in the jurisdiction after the cause of action accrued. In reaching this conclusion, the court construed the words "absent from the jurisdiction" in the suspensory provision of the statute as requiring *prior presence*. The sole issue before us on this appeal is the correctness of this construction.

The particular provision in question has never before been interpreted by the appellate courts of this jurisdiction and recourse to the legislative history of the statute is of little assistance. Phrases, however, such

as "absent from the state" or "out of the state" are common in the tolling provisions of statutes in many of our states. As pointed out by the annotator in 17 A.L.R.2d 502, 503, the courts of these states, with the exception of Kansas and Texas, have held that provisions incorporating these phrases extend to persons *who have never been within the state* as well as to one who had before resided there and later removed. See also Burton v. Abernathy, 41 N.M. 684, 73 P.2d 810.

In an early New Hampshire decision, Paine v. Drew, 44 N.H. 306, 317, the court said this about the language in question:

"* * * The word 'absent', when used as a verb, as in the sentence 'to absent himself', implies prior presence. So the word 'absentee' means one who withdraws or has removed from his country, State, or home. But the word 'absence', though primarily it may have supposed prior presence, yet, in common usage, simply means a state of being away from or at a distance from, not in company with. *And the word 'absent', when used as an adjective in common and ordinary use, simply means, not present, and refers only to the condition or situation of the person or thing spoken of at the time of speaking, without any allusion or reference to any prior situation or condition of the same person or thing * *.*" (Emphasis supplied.)

■ "Absent" in our statute (§ 11–952) is used as an adjective. Moreover, the tolling provision speaks of "the time during which *the defendant* shall be absent." Un-

like the general statute of limitations [1] in effect in the District, no attempt is made in § 11–952 to qualify the word "defendant" with a reference to prior presence or residency. In the absence of such qualifying language, we cannot read into the statute an exception not provided by Congress. We therefore adhere to the strong majority view which holds that the statute of limitations is tolled or suspended as to a defendant who has not previously been within the jurisdiction. This conclusion, we think, is consistent with Code 1951, § 11–966:

"Sections 11–951 to 11–967 [legislation pertaining to paternity actions] shall be so interpreted as to effectuate the protection and welfare of the child involved in any proceedings hereunder * * *."

■ Defendant concedes the above to be the prevailing rule when the cause of action is local, but contends that some courts have reached an opposite result where the action accrued outside the jurisdiction where it is brought.[2] It appears from defendant's argument and the trial court's written opinion that both regard the action as a foreign claim. We do not. Under § 11–952, the complaint in a paternity proceeding may be filed four months after pregnancy, however, a hearing to determine paternity cannot take place until after the child is born. Davis v. District of Columbia, D.C.Mun. App., 102 A.2d 842. The complainant is living in the District of Columbia and the child was born here. Thus, the cause of action as a fully matured claim accrued in this jurisdiction.

Reversed.

1. Code 1951, § 12–205, the tolling provision of the general statute of limitations reads: "If, when a cause of action accrues against a *person who is a resident of the District of Columbia,* he is out of the District or has absconded or concealed himself * * *." (Emphasis supplied.) In this connection, see Filson v. Fountain, 90 U.S.App.D.C. 273, 197

F.2d 383; Frank v. Adams, D.C.Mun. App., 98 A.2d 789, affirmed 94 U.S.App. D.C. 174, 213 F.2d 198, which hold that the statute is inapplicable to non-residents.

2. See the cases collected in Annotation, 148 A.L.R. 732.