No. 16,451.

ABERDEEN BUILDING CORPORATION ET AL.
*v.* RICKORDS ET AL.
(232 P. [2d] 183)

Decided April 30, 1951. Rehearing denied May 28, 1951.

Messrs. KOPERLIK & ALTMAN, for plaintiffs in error.

Mr. WILLIAM L. LLOYD, for defendants in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

WE will herein refer to plaintiffs in error as Aberdeen Corporation, and to defendants in error as Pueblo.

The Aberdeen Corporation instituted this proceeding to compel reconveyance of certain real estate theretofore sold by it to Pueblo, and for reassignment of certain tax-sales certificates of purchase. The district court judgment was in favor of Pueblo, which judgment is presented here for review by writ of error.

On July 21, 1947, Aberdeen Corporation was the owner of certain real estate situate in the city of Pueblo. Assessments for local improvements and general taxes on the property were issued on account of said general taxes, which certificates were later assigned to Thomas J. Downen, secretary of Aberdeen Corporation, who presumably held them for the company. Shortly thereafter the Aberdeen Corporation sold said real estate to Pueblo, executed its quitclaim deed therefor, and caused assignments of the certificates of purchase to be made to Pueblo in consideration of the payment of $5,000. Thereafter, May 8, 1948, demand was made by Aberdeen Corporation for reconveyance of the property and reassignment of the tax certificates, and it thereupon offered to pay Pueblo the amount paid for the property, plus further sums paid by Pueblo on account of subsequent taxes, all upon the ground that the transaction as to Pueblo was ultra vires. The demand was refused; hence, this action.

It is not denied that the purchase of the property and tax sales certificates was made by Pueblo with funds drawn from the "Refunding Improvement Bond

Fund," created by Ordinance No. 1373, said fund being a trust fund created and maintained by Pueblo for the benefit of various special improvement bondholders, and irrevocably pledged by the terms of the ordinance for the payment of refunding improvement bonds and interest thereon. It is clear that Pueblo, as trustee, prior to the enactment of chapter 255, S.L. '47, as amended by chapter 206, S.L. '49, had no power or authority to purchase the property with the trust funds here involved, and that the transaction, in the absence of the statute authorizing such purchase, was ultra vires. *Town of Haxtun v. Wangnild,* 109 Colo. 518, 127 P. (2d) 328; *City of Sterling v. Commercial Savings Bank,* 116 Colo. 369, 181 P. (2d) 361. In view, however, of our disposition of the main issue here considered, we deem it unnecessary to determine to what extent the powers of the trustee have been modified or changed by the enactment of the 1947 and 1949 statutes.

The real question presented, concerns the right of Aberdeen Corporation to institute and maintain this action. The sale was consummated and the transaction completed, approximately ten months prior to the time that demand for reconveyance was made. The Aberdeen Corporation does not claim to be a holder of any refunding improvement bonds, or that it is interested in the transaction, other than as grantor which has conveyed all its interest in the property for a valuable consideration, admittedly received.

The question has been settled in this jurisdiction, that under the circumstances here presented the Aberdeen Corporation cannot legally maintain this action. *Bainbrich v. Boies,* 113 Colo. 458, 158 P. (2d) 736; 19 C.J.S., pp. 686, 687, §1112. Accordingly, we hold that the judgment of the trial court in refusing to order reconveyance of the property and reassignment of the tax sales certificates was proper, and should not be disturbed.

The judgment is affirmed.