No. 17,143.

PUEBLO, A MUNICIPAL CORPORATION *v.* PEOPLE EX REL. FLANDERS.

(268 P. [2d] 702)

Decided March 29, 1954.

Mr. JOHN H. MARSALIS, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

IN a complaint "in the nature of quo warranto," filed in 1952, the relator Flanders alleges in brief that he is a taxpaying elector of respondent city of Pueblo; that the district attorney upon request declined to bring the action; that Pueblo has misused and abused its privilege or franchise to acquire and hold real property and does misuse such authority, in that in 1946 the city acquired by purchase from the county treasurer of Pueblo County certificates of purchase issued upon sale for default in payment of general taxes on certain real estate in the city, and thereafter, in the year 1947, secured treasurer's deeds upon said certificates conveying said property to the city; that said property has not been dedicated to any public, local or municipal purpose and has been vacant and unoccupied and illegally held tax free in the name of the city for the use and benefit of certain private persons; that thereby the State of Colorado and its subdivisions and agencies in Pueblo County have suffered loss and continue to suffer loss by reason of not deriving any revenue from the taxation of the property. Wherefore judgment is prayed: (1) requiring Pueblo to answer by what warrant it claims the privilege of hold-

ing real estate in its corporate name for the benefit of private persons; (2) that said city be ousted and debarred from such privilege and divested of its title to said property, and (3) that the city pay to the State of Colorado a fine of $5,000.00 and costs. A second similar claim involving certain other property is joined in the complaint.

The city of Pueblo by answer denied every allegation of the complaint, alleged insufficiency of facts to constitute a claim against the defendant, and that the issues raised had been adjudicated against the contentions of plaintiff, and asserted laches in bringing the action.

Thereafter defendant city admitted generally the allegations of the complaint by failure to reply to a request for admissions, and, upon motion and after argument, the court entered judgment, "That the respondent, Pueblo, a municipal corporation, its officers, agents and attorneys be and they are hereby restrained from entering into, for itself or for the use and benefit of private persons, the business of acquiring real property for the sole purpose of resale; said respondent is hereby excluded from the exercise of the corporate right, privilege or franchise of acquiring tax sales certificates, treasurer's deeds, quitclaim deeds, or holding real property by whatsoever means acquired, except such property as is dedicated to a public purpose, or necessary to enable respondent to carry on its corporate business in the exercise of proper municipal functions; and for his costs herein expended to be taxed."

Pueblo here seeks reversal of the judgment, and respondent has made no appearance. In the absence of answer briefs, we shall not attempt to determine whether this is in fact an action "in the nature of quo warranto," nor whether the action could properly be maintained by respondent, nor the right of the city to hold the tax sale certificates under the law existing when purchased, or under the statute as subsequently amended, as we declined to do in an action involving

part of these titles in *Aberdeen Building Corporation v. Rickords,* 123 Colo. 484, 232 P. (2d) 183.

■ ■ The pertinent allegations of the complaint were, that some five years previously the city had acquired certain properties by purchase of tax sale certificates, followed by obtaining tax deeds in the one case and quitclaim deed from the equity owner in the other case, and that said properties were vacant, unoccupied and unlawfully held. The transaction complained of was a long completed transaction and there was no allegation of its repetition or threat of repetition as a basis for quo warranto or for injunction, which are primarily preventive remedies. There was no allegation or showing of any title or interest of the relator in the property as a basis for divesting the city of its title, and there was no basis whatever asserted for the demand that a fine of $5000.00 be paid to the State of Colorado. Nowhere in the complaint are there to be found allegations supporting a cause of action to require the city to dispose of the property, even if it were wrongfully held, and, if such were the case, the proceeding was not the proper one for that purpose. Moreover, the decree does not purport to affect the property involved in the complaint or to grant or deny the prayer therein. It appearing impossible to spell out any valid claim against respondent from the complaint or the evidence, the judgment of the court was without support.

Accordingly, the judgment is reversed, and the cause remanded with directions to dismiss the action.