377 P.2d 513

STATE of New Mexico, Plaintiff-Appellee,

v.

J. C. WILLIAMS and Jack Allen, Defendants-Appellants.

No. 7119.

Supreme Court of New Mexico.

Nov. 28, 1962.

Rehearing Denied Jan. 24, 1963.

Hilario Rubio, Santa Fe, for appellants.

Earl Hartley, Atty. Gen., L. D. Harris, George Richard Schmitt, Asst. Attys. Gen., Santa Fe, for appellee.

COMPTON, Chief Justice.

An information, containing two counts, charged the appellants, prisoners then confined in the New Mexico State Penitentiary, and one Routh, in count 1 with the crime of conspiracy to introduce pistols within the walls of the New Mexico State Penitentiary contrary to Section 40–11–1, 1953 Compilation; in count 2 as accessories in the actual introduction of pistols within the walls of the New Mexico State Penitentiary contrary to Section 40–41–4, 1953 Compilation, the latter section being Section 2, Chapter 59, Laws 1941.

The appellant Williams was convicted on both counts; the appellant Allen was convicted on count 2, and Routh was acquitted. From the judgments and sentences imposed this appeal is taken.

Appellants first complain that the title of the act embraces more than one subject, thus rendering the act repugnant to Article IV, § 16, New Mexico Constitution. As a basis of this complaint, our attention is directed to the word "explosives" and the term "deadly weapons" appearing in the title.

The title of the 1941 Act reads:

"An Act to Amend Section 75–134 of the New Mexico Statutes Annotated, 1929 Compilation, Prohibiting the Carrying of Explosives or Deadly Weap-

ons Within Any Area Used for Confinement of Prisoners, or Within the Vicinity Thereof."

The pertinent constitutional provision, Article IV, § 16, reads:

"The subject of every bill shall be clearly expressed in its title, and no bill embracing more than one subject shall be passed except general appropriation bills and bills for the codification or revision of the laws; * *."

■ It is clear that appellants do not properly evaluate the legislative purpose. From a mere glimpse at the title of the Act it is obvious that the word "explosives" and the term "deadly weapons" are by no means separate subjects of the act. Rather, the act is one relating to the state prison system. The prohibition against the introduction of explosives and deadly weapons within such institutions, or within the vicinity thereof, is a means designed to carry out the general purpose of the act. There has been no invasion of appellants' constitutional rights. Compare State ex rel. Taylor v. Mirabal, 33 N.M. 553, 273 P. 928, 62 A.L.R. 296; State v. Gomez, 34 N.M. 250, 280 P. 251; Johnson v. Greiner, 44 N.M. 230, 101 P.2d 183; and State v. Roybal, 66 N.M. 416, 349 P.2d 332. We find the correct rule stated at 50 Am.Jur. § 198, "Means of Accomplishing Objects of Law," as follows:

"A constitutional limitation of a statute to a single subject or object does not prevent a statute from including various provisions for the accomplishment of its object, where the means provided in the act for securing the intended results have a proper relation to each other, and may fairly be regarded as in furtherance of, and necessary or appropriate to, the accomplishment of the objects that are fairly included within the general subject. An act may contain many provisions and details for the accomplishment of the legislative purpose, and if they legitimately tend to effectuate that object, the act is not contrary to the constitutional provision. * * *"

■ Further challenging the constitutionality of the act, the appellants contend that the term "or within the vicinity thereof," appearing in the title, renders the act vague, indefinite and uncertain, and is thus violative of the due process clause of the Federal Constitution. It suffices to say in disposing of this question that appellants make no arguments nor cite any authority in support of this contention. However, we fail to see the claimed indefiniteness, vagueness and uncertainity in the title.

Appellants' last point reads:

"THE MANNER IN WHICH WRITTEN CONFESSION WAS OB-

TAINED FROM JACK ALLEN ONE OF THE DEFENDANTS IS VIOLATIVE OF THE DUE PROCESS CLAUSE OF NEW MEXICO STATE CONSTITUTION AND ARTICLE II, SECTION 15 OF NEW MEXICO STATE CONSTITUTIONAL AMENDMENTS V, VI and XIV OF THE UNITED STATES CONSTITUTION AND SHOULD NOT HAVE BEEN ADMITTED BY LOWER COURT AS A VOLUNTARY CONFESSION."

We have given the point careful consideration. Needless to say that we entertain serious doubts whether it raises a legal question for review on appeal; nevertheless, we have reviewed the record fully with regard to the claimed involuntariness of the confession and, from our review, conclude that there was no error in the manner in which the confession was handled, and accordingly it was properly admitted into evidence. The point has no merit.

The judgment should be affirmed. IT IS SO ORDERED.

CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.