UNITED STATES of America, Appellant,

v.

Calvin A. BEHLE and Grace C. Behle, Appellees.

No. 7197.

United States Court of Appeals Tenth Circuit.

April 15, 1963.

provisions of Section 1301 of the Internal Revenue Code of 1954 to be spread back to prior years. In the return the appellees recomputed the taxes for the spread-back years, and the aggregate of these increases was added to the tax for 1959 computed without regard to the fee. In computing the 1959 taxes the appellees deducted charitable contributions in excess of the percentage limitation thereon if the spread-back fee is excluded from adjusted gross income for that year. The commissioner on examination of the return reduced the charitable contributions to an amount which was 30 per cent of the 1959 adjusted gross income computed without the fee. The resulting deficiency was paid under protest and appellees sued for a refund. The District Court held that the appellees should prevail and the United States has appealed.

The effect of Section 1301 of the 1954 Code (26 U.S.C., 1958 Ed., § 1301 is to give these taxpayers a choice in the amount of taxes to be paid. They may compute their taxes in the usual way for 1959 including the entire fee in this computation for all purposes, or instead they may spread back the fee to the prior years and recompute their taxes for each of such years and pay the resulting aggregate additional tax together with the 1959 tax on other 1959 income. The taxpayer here made the choice to use the spread-back method.

When Section 1301 is used, calculations for each of the spread-back years are made as if the pro rata part of the fee had actually been received for each year. The gross income for each year is increased and all medical and charitable deductions are refigured accordingly. The Tax Court in Edward C. Thayer v. Commissioner of Internal Revenue, 12 T.C. 795 (1949), considered the relationship of the spread-back provisions and computations to medical deductions. Thayer had medical expenses in the year the bunched income was received and in computing his deductions for that year used an adjusted gross in-

Richard J. Heiman, Atty., Dept. of Justice, Washington, D. C. (Louis F. berdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellant.

Elliott W. Evans, Salt Lake City, Utah, on the brief, for appellees.

Before BRATTON, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellees filed a joint federal income tax return for 1959 in which was reported a fee received for professional services rendered in the years 1954 through 1958 together with other 1959 receipts. This fee qualified under the

some figure which included only that portion of the bunched income allocated to that year. The commissioner urged that the percentage should be applied to the entire bunched income. The Tax Court held in effect that separate computations should be made for each year including the year the fee was received. In so doing there should be included in gross income only so much of the fee as is being allocated to the particular year. The author in 96 Journal of Accountancy 582 states also that the allocation of Section 107 income to prior years reduces the taxable year's adjusted gross income. This author refers to the Thayer case to show that the spread-back thereby increases the current medical expense deduction permitted and also points out how the charitable deductions by the Thayer rule would be reduced for the current year. We think the Thayer case sets out the correct rule. The Thayer decision was acquiesced in by the commissioner and consistent regulations were issued. With this Tax Court decision and the administrative interpretation, the present Section 1301 was re-enacted in the 1954 Code. Wilkinson v. United States, 304 F.2d 469 (Ct.Cl.), reaches a contrary conclusion through several opinions. One judge stated that Section 1301 did not change the adjusted income for the taxable year, and one judge felt instead that the charitable contributions should be spread back, but concurred in the result so that a decision could be reached. The third judge's opinion was that the fee was spread back for all computations, and the fourth judge did not participate. Thus the opinion is not a majority opinion for the proposition that the entire bunched income is carried into the adjusted gross income for the taxable year for the purposes of charitable deductions.

 Under the taxpayers' choice, recomputations for the spread-back years were made to take into consideration the resulting increase in the gross income for each year. These computations included the charitable deductions, medical deductions, and all other factors applicable for each year. The result was that the fee was considered as if it had then been received as the statute contemplates. Appellees would use the entire fee to increase the allowable deductions for 1959 and thereby reduce their taxes, but not abide by the tax for 1959 which would result from its inclusion in the full computation. The application must be consistent. The statute is intended to put the taxpayer, if he makes this choice, in essentially the same position as if the fee had been earned ratably during each of the years. This being the case, only the amount allocated to 1959 would be used for the purpose of computing charitable deductions for 1959 attributable to the fee. The allocation back necessarily adjusts the amount of allowable charitable deductions in each prior year, which may be of little or no practical consequence here, but the result is that this same fee cannot be used at the same time to increase the charitable deductions in 1959, for to do so results in an inconsistent use of the fee. The statute in fixing the qualifications for the spread-back choice refers to the compensation which is in the gross income of the taxpayer. But this reference does not prevent its removal therefrom for the purpose of the recomputations required under Section 1301, nor is this inconsistent with the statutory method of arriving at adjusted gross income.

Reversed.