399 P.2d 105

Jeanine Adams GRUSCHUS, Executrix of the Estate of Jack Adams, Deceased, Plaintiff-Appellant,

v.

BUREAU OF REVENUE of the State of New Mexico, Charles C. Brunacini, Commissioner of Revenue, and Carlos Trujillo, Director, School Tax Division, Bureau of Revenue, Defendants-Appellees.

No. 7519.

Supreme Court of New Mexico.

Feb. 8, 1965.

Stephenson & Olmsted, Santa Fe, for appellant.

Earl E. Hartley, Atty. Gen., Norman S. Thayer, Joel M. Carson, Wayne C. Wolf, Asst. Attys. Gen., Santa Fe, for appellees.

NOBLE, Justice.

Prior to March 31, 1961, the Jack Adams Construction Company entered into five unit price contracts for the construction of particular highway projects, under which no increase in price could be made because of sales taxes subsequently enacted and imposed. Chapter 195, Laws 1961 became effective on that date and removed the exemption of sales of services to the State from the privilege tax imposed on contractors, thus making that tax apply prospectively to gross receipts from these contracts. Recognizing that many such contracts had already been entered into, the terms of which would not allow price increases to cover the taxes, the legislature, by § 72–16–5(D), N.M.S.A.1953, provided an exemption applicable only to such existing contracts. Notwithstanding such exemption, the privilege tax was assessed against the gross receipts received from these contracts after the effective date of the 1961 act. The contractor paid the taxes under protest and sued to compel a refund pursuant to § 72–16–28, N.M.S.A. 1953. The trial court held that subsection D, section 1, Ch. 195, Laws 1961 (§ 72–16–5(D), N.M.S.A.1953) contravened the equality and uniformity clause of Article VIII, section 1, the equal protection clause of Article II, section 18 of the New Mexico Constitution, and the Fourteenth Amendment to the Constitution of the United States. The contractor has appealed.

The facts were all stipulated and none are in dispute. It is agreed that each contract was for the sale of services to the State, the receipts from which were not subject to the tax when the contracts were executed, and that the contractor could not increase the unit price so as to include these taxes.

The pertinent portion of subsection D, section 1, Ch. 195, Laws 1961 (§ 72–16–5 (D), N.M.S.A.1953), reads:

"None of the taxes levied by the Emergency School Tax Act, as amended [72–16–1 to 72–16–47], shall be construed to apply to:

"D. The gross receipts from any lump sum or unit price contract for a particular project entered into prior to the effective date of this act, if the contract would not by its terms allow the contractor to increase his price to cover any additional privilege tax which were to be levied against him."

The trial court determined that subsection D offended Article II, section 18, and Article VIII, section 1 of the New Mexico Constitution, which, so far as material, read:

Article II, section 18. " * * * ; nor shall any person be denied the equal protection of the laws."

Article VIII, section 1. " * * *, and taxes shall be equal and uniform upon subjects of taxation of the same class."

■ Since a determination of the constitutionality of the exemption provided by section 1, subsection D of Ch. 195, Laws 1961, was not appealed, we assumed its invalidity in Bradbury & Stamm Const. Co. v. Bureau of Revenue, 70 N.M. 226, 372 P.2d 808, but since that was not an issue there, we expressed no opinion as to the constitutionality of the exemption. That issue is squarely before us in this case and

this appeal turns on whether the legislation created an unreasonable classification, for, if not, the exemption does not violate either the uniformity or equal protection clauses. In approaching the question of the constitutionality of a statute, we are mindful of the fact that every presumption is to be indulged in favor of the validity and regularity of the legislative enactment. State v. Armstrong, 31 N.M. 220, 243 P. 333; State v. Thompson, 57 N.M. 459, 260 P.2d 370; Dickson v. Saiz, 62 N.M. 227, 308 P.2d 205; Bradbury & Stamm Const. Co. v. Bureau of Revenue, supra.

■■ We are under no duty to inquire into the wisdom, the policy or the justness of an act of the legislature, Arnold v. Board of Barber Examiners, 45 N.M. 57, 109 P.2d 779, but must resolve all doubts as to its constitutionality in favor of the validity of the law. State ex rel. Hannah v. Armijo, 38 N.M. 73, 28 P.2d 511; State v. Thompson, supra. It is likewise well established that in the exercise of its taxing power, the State may select its subjects of taxation, and, so long as the tax is equal and uniform on all subjects of a class and the classifications for taxation are reasonable, such legislation does not offend these provisions of the State or Federal constitutions. Lougee v. New Mexico Bureau of Revenue Commissioner, 42 N.M. 115, 76 P.2d 6; see Hutcheson v. Atherton, 44 N.M. 144, 99 P.2d 462; State v. Spears, 57 N.M. 400, 259 P.2d 356, 39 A.L.R.2d 595; Davy v.

McNeill, 31 N.M. 7, 240 P. 482. See, also, the extended discussion of the right of the legislature to classify for legislative purposes without offending against constitutional guarantees of the due process and equal protection clauses, contained in the Davy case.

An examination of the history and background of New Mexico's legislation concerning the taxation of sales of services to the United States and to the State makes it evident that, beginning in 1957, each legislature has sought to extend to the constitutional limit the tax on proceeds from the sale of services to the United States and, at the same time, to broaden tax exemptions, so far as possible, to the State and its subdivisions. Because of the State exemptions, both the 1957 and 1959 amendments taxing such sales to the United States had been held to be invalid in cases not appealed. With these decisions in mind, it is apparent that the 1961 legislature sought to eliminate the objectionable features resulting from such discrimination by removing the exemption of such sales to the State. In its attempt to avoid the harsh effect on existing contracts caused by this removal, the legislature enacted subsection D, now being considered, and limited its application to prospective receipts from lump sum or unit price contracts entered into before imposition of the tax, the terms of which would not permit price increases to include such taxes.

The Bureau of Revenue argues that the exemption created a special and unreasonable class, consisting only of those having unit price or lump sum contracts for particular projects, and that denying the exemption to taxpayers not having such contracts amounted to unconstitutional discrimination. We think the contention is without merit. Equal protection does not prohibit classification for legislative purposes, provided that there is a rational and natural basis therefor, that it is based on a substantial difference between those to whom it does and those to whom it does not apply, and that it is so framed as to embrace equally all who may be in like circumstances and situations. Hutcheson v. Atherton, supra; State v. Thompson, supra. Only those having cost plus or cost plus a fixed fee contracts have been suggested as being denied the benefit of the exemption. It has not been intimated that any such contracts were outstanding, nor has our attention been called to any decision construing a cost plus contract not to include a privilege tax imposed on the contractor as a part of the costs in the absence of express language excluding it. It is clear that such a tax imposed upon the contractor enters into the cost of the materials and is a part of the cost of the materials to the state. See Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3, 140 A.L.R. 615. Such contracts, because they automatically include these taxes, ab-

sent an express agreement to the contrary, logically fall within a different classification from lump sum or unit price agreements under which such taxes cannot be included unless the contract expressly so provides.

In addition, precise equality in the exercise of the State's taxing power is not required. It was said in Lougee v. New Mexico Bureau of Revenue Commissioner, supra, that:

> " * * * It is impossible that there should not be some inequality; and by singling out a particular class, as an attorney who receives a salary, from the large class of wage earners and salaried employees, some inequality may be shown; but this does not infringe upon appellant's constitutional rights. It is not just the salaried attorney or other professional person that is exempt; but all persons included under the classification of wage earners and salaried employees. * * *"

This principle is likewise applicable to those having contracts with the State. Even though singling out some possible contracts other than unit price or lump sum from the large class of such agreements may show a certain degree of inequality, the right to constitutionally enact this exemption cannot be denied.

We see no arbitrary or unreasonable distinction within the sphere of the operation of the challenged exemption and think it accords substantially equal and uniform treatment to all persons similarly situated. The Bureau's contention that making the exemption depend upon the type of contract results in discrimination because the relative bargaining position of the parties depends upon what contract is employed is without merit. This exemption has no application to future contracts. Since the classification made by the legislature is upon a rational and natural basis, State v. Pate, 47 N.M. 182, 138 P.2d 1006; Burch v. Foy, 62 N.M. 219, 308 P.2d 199; and Safeway Stores v. Vigil, 40 N.M. 190, 57 P.2d 287, are distinguishable.

Finally, it is asserted that the term "for a particular project" is not defined and that, in any event, the action of the legislature in excluding contracts not for a particular project was arbitrary and capricious. Failure to define the term more explicitly is not fatal because it is not so vague, indefinite or uncertain as to violate due process. State v. Williams, 71 N.M. 210, 377 P.2d 513. Whether a lump sum or unit price contract, not for a particular project, even exists is highly doubtful and cannot form the basis for a conclusion that the classification is an unreasonable one.

It is evident that the statutory exemptions provided by § 72–16–5(D), N.M. S.A.1953, apply to all alike who are of the classes and in the situation included. We

see nothing in this exemption which confers on certain persons privileges or immunities not granted to others similarly situated. It follows that the judgment appealed from must be reversed and the exemption provision held to be a valid exercise of the legislative power.

The case is remanded with instructions to vacate the judgment and to proceed further in a manner not inconsistent with what has been said.

It is so ordered.

CARMODY, C. J., and CHAVEZ, MOISE, and COMPTON, JJ., concur.