423 P.2d 994

The BOARD OF DIRECTORS OF MEMORI-
AL GENERAL HOSPITAL OF LAS CRUC-
ES, New Mexico, Plaintiff-Appellant,

v.

COUNTY INDIGENT HOSPITAL CLAIMS
BOARD OF DONA ANA COUNTY, New
Mexico and Board of County Commissioners
of the County of Dona Ana, Defendants-
Appellees.

No. 8192.

Supreme Court of New Mexico.

Feb. 20, 1967.

T. K. Campbell, Las Cruces, for appel-
lant.

Charles Solomon, Neil C. Stillinger, Santa Fe, E. H. Williams, Jr., Dist. Atty., Las Cruces, for appellees.

Montgomery, Federici & Andrews, John G. Jasper, Santa Fe, amici curiae.

## OPINION

MOISE, Justice.

We are here called on to determine if the Indigent Hospital Claims Act (Ch. 234, N.M.S.L.1965; §§ 13–2–12 to 13–2–29, inc., N.M.S.A.1953) is constitutional. The trial court held it unconstitutional as violative of Art. VIII, Sec. 2; Art. IV, Sec. 31; Art. IX, Sec. 14, and Art. IV, Sec. 24.

In section 2 of the act (§ 13–2–13, N.M.S.A.1953) its purpose is stated in the following language:

"The purpose of the Indigent Hospital Claims Act [13–2–12 to 13–2–29] is to recognize that the individual county of this state is the responsible agency for the hospital care of the indigent persons domiciled in that county and to provide a means whereby each county can discharge this responsibility through a system of financial reimbursement to hospitals for actual cost incurred as the result of the care and treatment of the indigent person in the hospitals of this state."

The operative sections of the act create a "county indigent hospital claims board" in each county composed of the members of the board of county commissioners, and further provide:

"13–2–17. The board: A. * * *.

B. Shall prepare and submit a budget to the board of county commissioners for the amount needed to defray claims made upon the fund and to pay costs of administration of the Indigent Hospital Claims Act, which costs of administration shall in no event exceed four per cent [4%] of the budget; * * *."

"13–2–18. A. There is created in the county treasury of each county a 'county indigent hospital claims fund.'

B. Collections under the levy made pursuant to the Indigent Hospital Claims Act [13–2–12 to 13–2–29] and all contributions shall be placed into the fund, and the amount placed therein shall be budgeted and expended only for the purposes specified in the Indigent Hospital Claims Act, by warrant upon vouchers approved by a majority of the board and signed by the chairman of the board, and payments for indigent hospitalizations shall not be made from any other county fund. * * *"

"13–2–19. For the purpose of providing funds for the administration of the Indigent Hospital Claims Act [13–2–12 to 13–2–29], the board shall each year certify the amount needed to the board of county commissioners. For the first year of operation the board shall estimate

the amount necessary, and in succeeding years may use the previous year's experience to determine the amount necessary."

"13–2–20. A. The board of county commissioners, upon the certification of the board as to the amount needed in the fund, shall impose a levy against the taxable value of the property in the county sufficient to raise the amount certified by the board.

B. If the levy for this purpose, when added to all other levies authorized by law, exceeds the constitutional limitation of twenty [20] mills, then the question of imposing an indigent hospital levy in excess of the constitutional limitation of twenty [20] mills for the purpose of the Indigent Hospital Claims Act [13–2–12 to 13–2–29] shall be submitted to the electors and voted upon as a separate question at the next subsequent general election or any special election called prior thereto for such purpose."

(Subsections C and D contain provisions setting forth the details as to the methods and conditions to be adhered to in an election, and the effect of a favorable vote therein.)

"13–2–21. In the event there is no money in the fund to pay a claim, and the electors have failed to vote in favor of an indigent hospital levy as provided for in section 9 [13–2–20] of the Indigent Hospital Claims Act [13–2–12 to 13–2–29], the hospital is authorized to bring suit against the board and obtain judgment and payment for such claims pursuant to and in the manner provided by section 15–45–1 through 15–45–4 New Mexico Statutes Annotated, 1953 Compilation."

In the instant case appellant is a hospital authorized to bring suit under the provisions of § 13–2–21, supra, and appellees are the board authorized to be sued. The parties stipulated the facts material to a determination of the issues here presented, and the trial court found in accordance therewith that appellant had done everything required of it by the Indigent Hospital Claims Act, and that $31,698.02 was due on account of claims duly filed and on which appellant would be entitled to recover judgment. The court also found there was no money in the county indigent hospital claims fund with which to pay appellant's claims; Dona Ana County had budgeted and spent up to its twenty-mill limit as provided in Art. VIII, Sec. 2, N.M. Const., for the year 1965–1966; the question of imposing an indigent hospital levy in excess of the twenty-mill constitutional limitation had been submitted to a vote of the electors of Dona Ana County on September 28, 1965, and a majority voted against doing so.

At the outset we would take note of the rule, oft repeated by us, that in passing on issues of constitutionality of statutes we must indulge every presumption in favor of validity of the enactment.

Drink, Inc. v. Babcock, 77 N.M. 277, 421 P.2d 798; Gruschus v. Bureau of Revenue, 74 N.M. 775, 399 P.2d 105; Bradbury & Stamm Constr. Co. v. Bureau of Revenue, 70 N.M. 226, 372 P.2d 808; State v. Thompson, 57 N.M. 459, 260 P.2d 370.

With this rule in mind we are first called upon to consider if the act conflicts with Art. VIII, Sec. 2, N.M. Const., in providing in § 13–2–21, supra, for suit as provided in §§ 15–45–1 to 15–45–3, N.M. S.A. 1953, from which a tax levy under § 15–45–4, N.M.S.A. 1953, would follow. We need not consider, nor express any opinion concerning the provisions of § 13–2–20, supra, for an election to authorize a levy in excess of twenty mills. In the instant case the county had budgeted and levied the full twenty mills, and the voters had voted against a levy exceeding that amount.

Art. VIII, Sec. 2, of the New Mexico Constitution reads:

"Taxes levied upon real or personal property for state revenue shall not exceed four mills annually on each dollar of the assessed valuation thereof except for the support of the educational, penal and charitable institutions of the state, payment of the state debt and interest thereon; and the total annual tax levy upon such property for all state purposes exclusive of necessary levies for the state debt shall not exceed ten mills; provided, however, that taxes levied upon real or personal tangible property for all purposes, except special levies on specific classes of property and except necessary levies for public debt, shall not exceed twenty mills annually on each dollar of the assessed valuation thereof, but laws may be passed authorizing additional taxes to be levied outside of such limitation when approved by at least a majority of the electors of the taxing district voting on such proposition. (As amended November 3, 1914 and September 19, 1933.)

As we read § 13–2–20, supra, the county commissioners are required to make a tax levy sufficient to raise the amount certified as needed by the county indigent hospital claims board provided the levy for that purpose and for all other purposes authorized by law does not exceed twenty mills. If it would exceed twenty mills the question of making a levy for the purpose in excess of twenty mills is to be submitted to the voters.

In § 13–2–21, supra, suit is authorized if there is no more money in the fund to pay approved claims, and the judgment obtained may be collected through a levy, as provided in § 15–45–4, N.M.S.A. 1953. We see in this section an effort to circumvent the provisions of Art. VIII, Sec. 2, N.M. Const. This is accomplished in a situation such as is here present where the entire twenty mills has been levied and the voters have defeated a constitutional ef-

fort to permit exceeding the limitation by suing and obtaining a judgment on which a levy could be made. With the reasoning which would support this approach we find it impossible to agree.

We have never found it necessary to decide if a levy in excess of twenty mills could be made constitutionally in order to obtain funds to satisfy a judgment arising out of a tort action or a condemnation proceeding. See State ex rel. Martin v. Harris, 45 N.M. 335, 115 P.2d 80 (1941). We did hold in State ex rel. Martin v. Harris that neither the statutory five-mill limit on county expenditures, nor the Bateman Act, presented a valid defense to an action seeking mandamus to require a levy to satisfy a judgment obtained in a tort action against a county. See, also, Barker v. State ex rel. Napoleon, 39 N.M. 434, 49 P.2d 246 (1935). We applied the same rule where the issue was one involving funds for payment of a judgment in a condemnation proceeding. In re Atchison, T. & S. F. Ry. Co.'s Taxes in Eddy County for 1933, 41 N.M. 9, 63 P.2d 345 (1936). The basis for concluding that payment of such judgments should not come within the limitation was to a degree the thought that they involved items not definitely fixed by law, and items over which the public officials have no control. As a matter of fact, in the dissenting opinion in Munro v. City of Albuquerque, 48 N.M. 306, 330, 150 P.2d 733 (1943), distinction is made

of liabilities arising within legislative authority, and that which results outside statutory permission. This distinction was adopted by the court in Crist v. Town of Gallup, 51 N.M. 286, 183 P.2d 156 (1947).

It is argued here that just as judgments in tort actions and condemnation proceedings cannot be planned for in advance, and are involuntary impositions upon the county, so is the liability for hospital care of indigents fixed by the statute here being considered. This argument answers itself. The statute says the county shall be liable for hospital costs of indigents. How can it then be said that it is an unforeseeable item over which there is no control or that it does not arise within the statute? True, the amount required in any given year is difficult of ascertainment with any degree of certainty. Nevertheless, it is required that the amount needed in any year shall be estimated (§ 13–2–19, N.M.S.A. 1953) and that a levy shall be made to raise sufficient money to cover the amounts estimated (§ 13–2–20, N.M. S.A. 1953). We see nothing in the problems present in budgeting for this item different from those encountered in estimating the amount needed for each and every item of permissible county expense.

In order to uphold the challenged legislation we must be able to find a reasonable basis for concluding that the judgment to be recovered and levy made to pay the same under § 13–2–21, supra, may properly be

described as a "public debt." This is true because here it is agreed that such a levy would have to be over and beyond the twenty-mill limitation of Art. VIII, Sec. 2, N.M. Const., and the only permitted exception whereby this limitation could be exceeded would be if it is a necessary levy for "public debt."

To hold that a judgment as provided in § 12–2–20, supra, would create a "public debt" would to our minds be equivalent to saying that any and all judgments obtained against a county would be a public debt, and, accordingly, outside the twenty-mill limitation. Compare State ex rel. Martin v. Harris, supra. Such a conclusion would effectively nullify the effectiveness of the entire provision, and certainly could not have been intended when these words were incorporated into the constitution.

Without attempting a definition of "public debt" we are satisfied it does not include debts represented by judgments obtained under the statute here being considered. Compare Crist v. Town of Gallup, supra; Grand Island & Northern Wyoming Railroad Company v. Baker, 6 Wyo. 369, 45 P. 494, 34 L.R.A. 835, 71 Am.St.Rep. 926 (1896).

█ Since in the instant case Dona Ana County has budgeted a full twenty mills, and the voters have refused to authorize an additional levy in excess of that amount to pay hospital bills of indigents, the statute which attempts to authorize the creation of a public debt can only be characterized as a device for circumventing the limitation of Art. VIII, Sec. 2, N.M. Const. It would serve no useful purpose for us to refuse to recognize this fact and delay so holding until a judgment has been obtained and a levy sought. We are not unaware of the burden placed upon hospitals in caring for patients unable to pay, and of the desirability that they be granted some relief through recognition by the public of an obligation of assistance. Nevertheless, by clear mandate of our constitution this cannot be done, under the circumstances and in the manner here attempted.

Having concluded as hereinabove set forth, consideration of the additional attacks on the legislation need not be considered. Neither do we pass on the situation which would be present if a levy were possible within the twenty-mill limitation, or in the event an election were held and approval given to exceeding the limitation.

The judgment appealed from is affirmed. It is so ordered.

CHAVEZ, C. J., and NOBLE, COMPTON and CARMODY, JJ., concur.