603 P.2d 1108

**U. V. INDUSTRIES, INC., Appellant,**

**v.**

**The PROPERTY TAX DIVISION OF the TAXATION AND REVENUE DEPARTMENT of the State of New Mexico, Appellee.**

**No. 3906.**

Court of Appeals of New Mexico.

Nov. 13, 1979.

Rehearing Denied Nov. 21, 1979.

Oliver W. Gushee, Jr., Thomas A. Nelson, Salt Lake City, Utah, Fred C. Hannahs, Montgomery, Andrews & Hannahs, Santa Fe, for appellant.

Jeff Bingaman, Atty. Gen., Sarah Bennett, John C. Cook, Sp. Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

The appeal concerns the valuation, for property tax purposes, of class one productive mineral property, see § 7–36–22(A), N.M.S.A. 1978, and property used in connection with that property. The taxpayer, U.V. Industries, Inc., claims the negative value of class one productive mineral property, for tax year 1978, should be applied against the positive value of other property used in connection therewith to reduce the total taxable value. PTD (Property Tax Division of the Taxation and Revenue Department) rejected this contention in its special order denying the taxpayer's protest. The taxpayer's claim, on appeal, that the order denying the protest was a de facto regulation adopted contrary to statutory procedures, is frivolous. The special order does no more than decide the taxpayer's protest. We discuss: (1) negative valuation; (2) use of a negative valuation; and (3) unequal protection.

### Negative Valuation

Section 7–36–23, N.M.S.A. 1978 states a special method for valuation of the property involved in this case. The value of class one productive mineral property "is an amount equal to three hundred percent of the annual net production value . . . ." Section 7–36–23(C), supra. Two methods are provided for arriving at annual net production value; by an averaging method and by using the net production value of the year immediately preceding the tax year involved. The statute authorizes deductions under both methods. Section 7–36–23(F), supra. *Santa Fe Pacific R. Co. v. Property Tax Dept.,* 89 N.M. 446, 553 P.2d 726 (Ct.App.1976) held that because of the authorized deductions the valuation could be a minus figure when the averaging method is used. Because of the authorized deductions, the valuation could also be a minus figure when valuation is under § 7–36–23(F)(2), supra. PTD does not seriously contend to the contrary.

### Use of a Negative Valuation

The taxpayer valued its class one productive mineral property under § 7–36–23(F)(2), supra. The valuation was a negative figure. This negative was multiplied by 300 percent. The result was reported as the value of "mineral property production." Other property valued included personal property, mining machinery and equipment, milling machinery and equipment, land improvements and buildings and warehouse. These items were "property used in connection with mineral property . . . ." Section 7–36–23(A), supra. Taxpayer sought to apply the reported negative value of its mineral property production against the reported positive value of property used in connection with mineral property and, thus, reduce its total taxable value by the amount of the negative.

Taxpayer contends its use of the negative is authorized by § 7–36–23, supra; that this statute "is the outline of a procedure for determining how *the whole* of a taxpayer's mineral property and property used in connection with mineral property must be valued for property taxation purposes." This claim is too broad, it disregards the contents of § 7–36–23, supra.

Section 7–36–23(A), supra, states that the "provisions of this section apply to the valuation of all mineral property and property used in connection with mineral property . . . ." The provisions of § 7–36–23(C) and (F) were used to arrive at the negative valuation of class one productive mineral property. Section 7–36–23, supra, does not state what use may be made of this negative valuation, nor do we. The issue is whether the negative of production value may be offset against the positive value of property used in connection with mineral property. Other statutory provisions do not permit the offset.

Section 7–36–23(B) states:

B. The following kinds of property held or used in connection with mineral property shall be valued under the methods of valuation required by the Property Tax Code [Articles 35 to 38 of Chapter 7 NMSA 1978]:

(1) improvements, equipment, materials, supplies and other personal property held or used in connection with all classes of mineral property; "improvements" as used in this section includes surface and subsurface structures, but does not include pits, shafts, drifts and other similar artificial changes in the physical condition of the surface or subsurface of the earth produced solely by the removal or rearrangement of earth or minerals for the purpose of exposing or removing ore from a mine  .   .  . .

Property coming within the above-quoted provision is to be valued "under the methods of valuation required by the Property Tax Code  .   .  . ." There is no claim that taxpayer's property used in connection with mineral property does not come within the above-quoted provision.

Section 7–36–33, N.M.S.A. 1978 is the applicable valuation method for property used in connection with mineral property. Section 7–36–33(A) states:

A. The following kinds of property shall be valued for property taxation purposes in accordance with the provisions of this section:

(1) all property used in connection with mineral property and defined in Paragraph (1) of Subsection B of Section 7–36–23 NMSA 1978 and Paragraph (1) of Subsection B of Section 7–36–25 NMSA 1978[.]

Section 7–36–33(G), supra, provides:·

*Each item* of property  .   .  . *valued under this section* shall have *its net taxable value* allocated to the government unit in which the property is located. (Our emphasis.)

■ Each item of the property used in connection with mineral property was valued under § 7–36–33, supra; § 7–36–33(G), supra, requires the net taxable value of each item be allocated to the governmental unit involved. The requirement of allocating the net taxable value of *each item* prevents use of the negative value for mineral property production to reduce the valuation of property valued under § 7–36–33, supra. PTD did not err in rejecting use of the negative figure for mineral property production to reduce the positive value of property used in connection with mineral property.

*Equal Protection*

The equal protection contention is limited. It does not involve use of a negative value for mineral property production (regardless of the method of determining annual net production value) to reduce the valuation of property used in connection with mineral property. It does not involve comparing the valuation of class one productive mineral property with the valuation of other classes of mineral property. The contention goes only to the alternative methods for valuing class one productive mineral property, and involves utilization of a negative value.

The equal protection argument involves the different results which may result under the alternatives for arriving at annual net production value for class one productive mineral property. The taxpayer contends that if the averaging method of § 7–36–23(F)(1), supra, is used and some of the years averaged are a negative, the taxpayer obtains the benefit of the negative; however, if valuation is under § 7–36–23(F)(2), supra, and the preceding year's net production value is a negative, the taxpayer obtains no benefit from the negative.

The benefit to a taxpayer who uses the averaging method is in utilizing a negative figure to reduce the positive valuation of class one productive mineral property. One who does not average, such as the taxpayer in this case, does not receive that benefit. This difference is asserted to be a denial of equal protection. We disagree.

■ The taxpayer's brief presents a hypothetical situation to illustrate the differences in valuation figures, and thus in financial benefits, between the alternative statutory valuation methods. This hypothetical does not establish a denial of equal protection. "Constitutional issues affecting taxation do not turn on even approximate mathematical determinations." *Mullaney*

*v. Anderson,* 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952). The dispositive question is whether the statute provides unequal treatment to taxpayers of the same class. See *Gruschus v. Bureau of Revenue,* 74 N.M. 775, 399 P.2d 105 (1965); compare *First Nat. Bank v. State Tax Commission,* 43 N.M. 307, 92 P.2d 987 (1939), appeal dismissed, 308 U.S. 515, 60 S.Ct. 173, 84 L.Ed. 439 (1939). The statutory provisions for determining annual net production value, § 7–36–23(F)(1) and (2), supra, do not provide for unequal treatment because § 7–36–23(G) gives the taxpayer the choice of valuation methods. Compare *United States v. Behle,* 316 F.2d 134 (10th Cir. 1963). Inasmuch as the taxpayer has a choice of valuation methods, the statute does not deprive the taxpayer of equal protection.

PTD's special order is affirmed.

IT IS SO ORDERED.

SUTIN and WALTERS, JJ., concur.